(23 Misc. Rep. 538.)

### In re HARDENBROOK et al.

### In re GRAY'S WILL.

(Surrogate's Court, Rockland County. May, 1898.)

WILLS—CONSTRUCTION—CONVERSION OF REAL INTO PERSONAL PROPERTY.

    A testator devised his property to trustees, empowering them to sell the whole or any part thereof, but providing that they might, in their discretion, retain any securities or property as an investment of the whole or any part of the principal of the trust. The will created no necessity for the sale of the property. *Held* no equitable conversion of the real to personal property, since the trustees were not imperatively directed to sell the real estate.

Proceeding in surrogate court for a judicial settlement of the account of Benjamin C. Hardenbrook and others, as executors and trustees under last will of William Gray, deceased.

Fletcher, McCutchen & Brown, for executors and trustees. Ernest A. Bigelow, for contestants.

TOMPKINS, S. The three executors and trustees unite in an account, and on the settlement thereof have asked for three full commissions, claiming that the value of the personal property exceeded $100,000 over all his debts. This claim is disputed by two of the parties interested, who deny that the personal property equaled the sum of $100,000. The inventory of the personal estate, made by the executors and filed in the surrogate's office on the 20th day of January, 1898, fixed the value of the property thereby inventoried and appraised at the sum of $18,983.09. In their account the executors charge themselves with this amount, together with the sum of $389.64 increase, making the total value of the personal property (distinct and apart from the real estate and income therefrom) received and accounted for by them the sum of $19,372.73. The executors further charge themselves with the sum of $4,000, the proceeds from the sale, by them, of real estate, making the total of the personal property and proceeds from the real estate the sum of $23,372.73. In addition to this amount the executors have received as income from the real estate, which has not been sold, the sum of $20,954.54. It is seen that so far as the property commonly denominated "personal property," and the income actually received, goes, the value is far less than $100,000. But it is contended by the executors that the testator's will worked an equitable conversion of the real estate, and that it should be regarded as personal estate, and the value thereof added to the above amounts, which would make the total value of the estate $115,817.27. After directing the payment of the testator's debts, etc., he devises and bequeaths unto his executors "all the rest, residue, and remainder of my estate, real, personal, and mixed, of every name and nature, * * * with the rents, issues, and profits and increase thereof, in trust, nevertheless, to sell, assign, and convey the same at public sale or by private contract at such time and for such consideration as they may deem

proper, and, until such sale, to hold, let, and rent or mortgage the same, and to collect the rents, issues, and profits thereof, and to dispose of the said principal and income as hereinafter provided. Third. To set apart and invest, reinvest, and keep invested the sum of $7,000 at interest, and to collect and receive the interest and income arising therefrom, and to pay over and apply so much of the net proceeds thereof as shall be necessary for the maintenance and support of my daughter Rebecca during her natural life, and upon her death to pay over the principal as directed by the residuary clause of this my will." The fourth clause of the will provides as follows: "Upon the further trust to invest, reinvest, and keep invested, at rental or interest, the equal undivided three-eighths of my net estate, and to collect and receive the rents, interest, and income arising therefrom, and to pay over and apply the net proceeds thereof to and for the use of my beloved wife, Harriet, during her natural life, or until her remarriage, and upon her remarriage to assign, transfer, and pay over two-thirds of the aforesaid three-eighths of my estate, or the proceeds thereof, to her children Lillian and William, equally, share and share alike." Other similar trusts are created by the following provisions of the will for the benefit of other children of the testator by a former wife, and by the eighth paragraph of his will the testator makes the following provision: "It is my will, in respect to all the aforesaid trusts, that my said trustees, and the survivor and survivors of them, will, in their discretion, retain any securities or property belonging to my estate as an investment of the whole or any part of the principal of the trust." The eleventh paragraph of the will authorizes and empowers the trustees "to sell, lease, or mortgage the whole or any part of the real estate that may come into their hands."

I have concluded that there is no imperative direction to the executors to sell the real estate, and hence that there was no equitable conversion. "To constitute a conversion of real estate into personal, in the absence of actual sale, it must be made the duty of, and obligatory upon, the trustees to sell it in any event. Such conversion rests upon the principle that equity considers that as done which ought to have been done. A mere discretionary power of selling produces no such result." White v. Howard, 46 N. Y. 144; Stagg v. Jackson, 1 N. Y. 206.

While the will clearly creates trusts in favor of the persons named therein, and while, for convenient division, control, and management of the several trusts, the executors were given power, and in the first clause of the will are directed, to sell, etc., the phraseology of the whole instrument does not import an absolute and positive direction so to do; and the provisions of the will, and the several trusts created thereby, have and can be carried out and discharged without the sale of all or any particular portion of the real estate. In the paragraph of the instrument by which the devise is made to the executors, and in which the direction to sell is contained, we find this provision: "At such times and for such consideration as they may deem proper, and until such sale to hold, let, and rent

or mortgage the same, and to collect the rents, issues, income, dividends, and profits thereof," etc.,—leaving entirely to the discretion of the executors the time when an actual conversion should take place, and, unless some other provision of the will makes a sale necessary, leaving it in the discretion of the executors to determine whether the power should ever be exercised or not.

The will considered in the case of Scholle v. Scholle, 113 N. Y. 261, 21 N. E. 84, is quite analogous to the one in question. There the residuary clause was as follows:

"Fifthly. I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, unto my executrix and executors hereinafter named, and the survivors and survivor of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of, and convey the same, at such time or times, and in such manner, as to them shall seem proper and best for the interest of my estate, and to invest and keep invested such rents and profits, and the proceeds of such sale or sales, * * * and to apply and divide the same, and the income thereof, as hereinafter directed. Sixthly. I give and bequeath, and I hereby authorize and direct my said executrix and executors to apply the income of, two-sixths part of said residue and remainder of my estate semiannually to the use of my said wife, Sarah E., for and during the term of her natural life; and after her death I give, devise, and bequeath the said two-sixths parts of said residue and remainder of my estate unto my children living at the time of her decease, and unto the lawful issue of any deceased child or children, to be divided equally, share and share alike, per stirpes, and not per capita, among such children and issue, the issue of my deceased child to have the share the parent would have been entitled to if living."

The remaining clauses of the will were similar to the sixth. It was held that there was no conversion, because the power of sale "was to be exercised or not, as the judgment of the executors may dictate." Judge Finch, writing the opinion of the court, says:

"To justify such a conversion, there must be a positive direction to convert, which, though not expressed, may be implied; but in the latter case, only when the design and purpose of the testator is unequivocal and the implication so strong as to leave no substantial doubt. Hobson v. Hale, 95 N. Y. 598. Where, however, only a power of sale is given without explicit and imperative direction for its exercise, and the intention of the testator in the disposition of his estate can be carried out, although no conversion is adjudged, the land will pass as such, and not be changed into personalty."

A conversion of the realty does not seem essential to the carrying out of the testator's intention. The personalty was sufficient, after the payment of the debts and expenses, to provide for the fund of $7,000, directed by the third clause of the will, which is the only fund of that character created by the will. The will, in brief, bequeaths and devises the entire estate to the executors in trust. During the life of the widow, she was to have three-eighths of the rents, the balance to go for the use of the children; on her death, two-thirds of three-eighths of the estate, or the proceeds thereof, "to be transferred or assigned to her children Lillian and William." The words, "to assign, transfer, and pay over two-thirds of the aforesaid three-eighths of my estate, or the proceeds thereof, to her children Lillian and William, equally," clearly indicate that the testator intended to provide that the two-thirds

of the three-eighths of his estate, set apart as aforesaid, should go to these two children, in whatever form it might be at the time of the death of the widow, whether the realty had been previously converted into personalty or not, and it negatives the proposition that he intended and directed a conversion of the realty before the death of his widow.

In the seventh clause the testator refers to the "devises and bequests" to his children Lillian and William, which demonstrates that he contemplated a taking by them of real estate by devise as well as personal property. Again, the executors are directed by the fifth clause to "invest, reinvest, and keep invested, at rental or interest, the equal undivided three-eighths,   *   *   *   and to collect and receive the rents"; clearly showing that they were to retain, or at least had the right and option of retaining, as a part, at least, of the principal of the several trusts, the real estate as it existed at the time of the testator's death, because, under the eighth clause of the will, they are restricted in their investments to first mortgages and other securities. By the eleventh clause the executors are given power "to sell, lease, or mortgage the whole or any part of the estate." Such authority was unnecessary, if by the second provision of his will the testator has accomplished an equitable conversion. Certainly, the power to lease or mortgage seems inconsistent with a preceding positive direction to sell and convert into cash.

There has been no sale of the real property, except one parcel sold for $4,000, and the bulk of the estate is still unconverted, and being rented, and the rents therefrom being collected by the executors and trustees, although the widow has been dead for some months; and when we read the eighth clause of the will, which expressly authorizes the trustee to "retain any securities or property belonging to my estate as an investment of the whole or any part of the principal of the trust," the conclusion seems irresistible that there is not such a positive direction to sell as to constitute an equitable conversion, or that the general scope of the will is such that a conversion of the real estate is necessary to the execution of the trusts. The executors and trustees are therefore not entitled to full commissions. Two proposed decrees have been submitted, differing in several particulars, and, inasmuch as I have here only considered the principal question, I will hear counsel on the settlement of the decree. Decreed accordingly.