EXECUTORS AND ADMINISTRATORS (§ 495*)—COMMISSIONS—POWER OF SALE.
    Where a sale by executors of testator's real estate under a power is unnecessary, the personal property being sufficient to pay all bequests and

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an annuity to the widow, and the residuary legatees and devisees elect to take the realty free from all powers of sale given to said executors, the latter are not entitled to commissions on the unsold realty.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. § 495.*]

In the matter of the judicial settlement of the accounts of Elmer E. Duncan and others, executors. Decree entered.

Albert C. Spann, of Buffalo, for Alice E. Doyle, executor and residuary legatee.

Charles C. Farnham, of Buffalo (Simon Fleischmann, of Buffalo, of counsel), for Elmer E. Duncan and William C. Kelderhouse, executors.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, for Mabel R. Anderson and Harriet Drake Baker, residuary legatees.

HART, S. The will of John Kelderhouse, the testator, was probated in this court on July 27, 1911. Letters testamentary were issued to Elmer Duncan, Wm. C. Kelderhouse, and Alice E. Doyle. The widow is given the homestead and contents for life, with reversion to residuary estate, and an annuity of $5,000 payable in quarterly installments. Bequests of $7,000 are made to collateral relatives, friends, and employés, and $2,000 to the Young Women's Christian Association. The residue of "every kind and nature and wheresoever found" is bequeathed to the executors in trust, for his nieces, Jennie K. Doyle, Alice E. Doyle and Grace H. Doyle, Mabel R. Anderson, and Harriet T. Drake, share and share alike. The widow, Jane Kelderhouse, died on December 11, 1911; her annuities have been paid in full. The executors have filed their account, showing a balance on hand of cash and personal property, amounting to nearly $67,000. A contested claim of $12,000 only remains for the completion of executorial duties before final distribution of the estate. The only other persons interested in the estate are the residuary legatees and devisees, and this accounting is only in controversy as to the amount of executors' commissions as being applied to the unsold real property, the value of which was estimated by the transfer tax appraiser to be the sum of $314,404, no part of which has been disposed of, excepting a small parcel inventoried at $175. The application for commissions on the unsold realty is made in behalf of two of the executors; Alice E. Doyle, as executor and residuary legatee, opposing the allowance.

Under the sixth clause of the will, the residue of the estate, real and personal, is given to the executors in trust for his nieces, and the executors claim that this language necessarily works an equitable conversion of his estate, and that it must be treated as personal property in determining the question of commissions. The cases cited (Power v. Cassidy, 79 N. Y. 602, 35 Am. Rep. 550; Lent v. Howard, 89 N. Y. 169) in neither instance is an imperative sale directed by will, and the duties of the executors differ substantially from those in the present case in their range and scope. The executors of this

will are given a power of sale which has not been exercised; the personal property being ample to pay the annuity to the widow for the short time she survived her husband.  To constitute equitable conversion of real estate into personalty, in the absence of actual sale, the power of sale as expressed in the will must be absolute and imperative.  The words "executor" and "trustee" are used interchangeably by laymen in drawing wills and legal documents, and the use of the word "trust" need not necessarily create or complicate the administration of an estate, when construction is sought, nor will execution of a trust be denied in the absence of definite and exact words expressing the trust, but, on the contrary, will be construed by implication.  A cardinal rule of construction that "the intention of the testator should govern, if not contrary to statute," applied to the present case, seems to indicate that the executors were granted a power which was unnecessary to exercise; to interpret his intention and extend this power into a trust, for the mere purpose of granting commissions, would appear to be a strained construction and interpretation of testator's intention.  Cooke v. Platt, 98 N. Y. 35; Matter of Hardenbrook, 23 Misc. Rep. 538, 52 N. Y. Supp. 845.

The residuary legatees and devisees gave written notice of their election to take the realty of the testator free from any and all powers of sale given to the executors; the same plan as adopted by the devisees in Trask v. Sturges, 170 N. Y. 482, 63 N. E. 534, availing themselves of the holding that by this process the power of sale was extinguished; also held in Train v. Davis, 49 Misc. Rep. 169, 98 N. Y. Supp. 821:

"Where land is directed to be turned into money under a power and paid over to designated persons, and these persons are of lawful age, and, upon the sale of the land, at once entitled to the money, they may elect to take the land; and when they have so elected, and the election has been made known, the power of the trustee for conversion ceases and becomes extinguished, and he cannot thereafter lawfully proceed to execute the power.  This doctrine arises from the principle that equity will not compel the execution of a trust against the wishes of the persons beneficially interested."

In my opinion, the executors have failed to present a case in law or equity justifying the construction of the will awarding them commissions on the unsold realty.  A decree may be entered, passing the accounts of the executors and allowing commissions only upon the personal property.

Decreed accordingly.