## In re NOE'S ESTATE.

(Surrogate's Court, New York County.    February 18, 1916.)

1. WILLS ☞695—ACTION BY EXECUTORS TO CONSTRUE WILL—STATUTES.

An application by executors, under Code Civ. Proc. § 2615, for a construction of the will on the ground that it was impossible for them to pay any of the general legacies given thereby until it was determined whether such legacies were a charge upon the real estate, will be entertained, and the will construed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1665–1669; Dec. Dig. ☞695.]

2. WILLS ☞820—CONSTRUCTION—PAYMENT OF GENERAL LEGACIES—SALE OF REALTY.

Testatrix, who at the execution of her will, had personal property valued at $20,249 and realty valued at $230,000, gave cash legacies amounting to $97,000, and, after specific and general legacies to 30 legatees, devised the remainder of her real and personal property to her executors, in trust to sell and convert the same into money, and to divide the proceeds of sale and the entire residuary estate into two equal parts, one of which was devised to a hospital and the other to a friend, and authorized the executors to sell any realty at public or private sale and to execute conveyances. Held, that it was the intention that the general legacies should, in so far as necessary, be paid out of the proceeds of the sale of the realty of which testatrix died seised.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119, 2121; Dec. Dig. ☞820.]

Application by the executors of the estate of Nellie M. Noe, deceased, for a construction of her will. Decree entered upon notice construing the will.

Edward M. Burghard, of New York City (Louis V. Ebert, of New York City, of counsel), for executors.

Harrison, Elliott & Byrd, of New York City (Robert W. B. Elliott, of New York City, of counsel), for Rev. Henry Lubeck and Rev. Joseph Rushton.

Rorke & Kane, for legatees Healy.

Lesser Bros., of New York City (William Lesser, of New York City, of counsel), for legatees Noe.

De Forest Bros., of New York City, for Presbyterian Hospital.

Bonynge & Bonynge, of New York City, for Eliza H. MacLeod.

Charles C. Cormany, of New York City, for Robert Caterson.

Moen & Dwight, of New York City, for Woodlawn Cemetery.

Stewart & Shearer, of New York City, for New York Society for Relief of the Ruptured and Crippled.

Edward V. Farley, of Brooklyn, for St. Benedict's Home.

George W. Curry, of Long Island City, for S. T. B. Nichols.

Alfred E. Hinrichs, of New York City, Special Guardian.

Theall & Beam, of New York City, for Emily Koster.

James A. Speer, of New York City, for Anna J. Hilton.

Charles W. Boote, of Yonkers, for William N. Barlow.

FOWLER, S.   [1] This is an application by the executors of the estate of Nellie M. Noe, deceased, under section 2615, C. C. P., for a construction of her will.   The particular reason which the executors alleged in justification of their application is that it is impossible for them to pay any of the general legacies given by the will until it is determined whether such legacies are a charge upon the real estate. Under these circumstances I will entertain the application and construe the will.

[2] The value of the personal property owned by the testatrix at the date of the execution of her will was $20,249 and of the real estate $230,000.   The total value of the cash legacies bequeathed by her was $97,000.   At the date of her death the value of her personal property was about $29,050 and of her real estate $100,000.   In the first paragraph of her will the testatrix directed her executors to pay and discharge all her debts, funeral and administration expenses.   She then proceeded to bequeath a number of specific and general legacies, and in the thirty-second paragraph of her will she provided as follows:

"All the rest, residue and remainder of my property of every kind, nature and description, real, personal and mixed, * * * including all lapsed legacies, if any, and all legacies hereinabove given which for any reason may prove to be invalid, I give, devise and bequeath unto my executors hereinafter named, * * * in trust, however, to sell and convert the same into money as soon after my decease as they conveniently can, * * * and to divide the proceeds of sale and my entire residuary estate into two (2) equal parts or shares, and I give, devise and bequeath one of said equal parts or shares unto the corporation known as the Presbyterian Hospital in the City of New York, and the other said equal part or share unto my old friend Robert Caterson, of Woodlawn, New York, * * * and I hereby authorize and empower my executors * * * to sell and convey any and all real estate of which I shall die seized at public or private sale * * * and to make, execute and deliver good and sufficient deed or deeds of conveyance for the same."

The difference between the value of the personal property owned by the testatrix at the time she executed the will and the value of the pecuniary legacies bequeathed by her was so great as to render reasonably certain the conclusion that she knew at the time of the execution of her will that her personal property was insufficient to pay the pecuniary bequests which she had made.   She had no immediate relatives who would be the natural objects of her bounty; there was no one dependent upon her whom she would be under an obligation to support.   Her legatees were personal friends, charitable or religious corporations, and persons remotely related to her.   There would therefore be no controlling reason for the discrimination in favor of the residuary legatees which a construction limiting the payment of the pecuniary legacies to the personal estate would necessarily imply.   She expressly provided that the real estate should be sold; it was given to the executors in trust for the purpose of selling it and dividing the proceeds among the legatees.   Her failure to specifically devise it is a further indication of her intention that it should not go to the residuary legatees exclusively.   Neither of the residuary legatees was the natural object of her bounty.   One was a corporation; the other, merely a friend.   There is nothing in the will which would indicate

an intention on the part of the testatrix to prefer these legatees to the 30 other legatees to whom she had bequeathed various sums, and there is no reason extrinsic of the will which would justify or explain such a preference. The testatrix must therefore have intended that the pecuniary bequests should be paid in full, and that in addition to the personal property so much of the proceeds of the sale of the real property as was necessary to pay these legacies should be used by the executors for that purpose.

The decisions bearing on the question now under consideration were so exhaustively considered by Justice Clark in Ely v. Ely, 163 App. Div. 320, 148 N. Y. Supp. 691, that it is unnecessary for me to discuss those decisions or to state the principles which have been settled by them; but it seems to me that the application of those principles to the matter under consideration necessarily results in a determination that it was the intention of the testatrix that the general legacies should, in so far as necessary, be paid out of the proceeds realized from the sale of the real estate of which the testatrix died seised. Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235.

A decree may be entered upon notice construing the will in accordance with this decision.