## Matter of the Transfer Tax upon the Estate of CAROLINE A. RHODES, Deceased.

(Surrogate's Court, Westchester County, November, 1919.)

**Executors and administrators — commissions — transfer tax.**

> Decedent, who left real estate valued at $130,000 and personal property worth $68,984.57, gave $84,000 in legacies which were not specifically charged upon the real estate, and the residuary estate which consisted of lands was given to her husband. Upon the transfer tax proceeding it appeared that at the time the will was made, the personalty exceeded the amount of the several legacies but that owing to expenditures for the care of decedent there was an insufficiency of personal assets to pay the legacies in full. *Held*, that the legatees were only entitled to be paid *pro rata* and though the executor had paid them in full, his commissions should be computed upon the amount of the personal assets left by decedent; he was not entitled to commissions upon the amount voluntarily paid to legatees from his own funds nor upon the real estate.

APPEAL from an order assessing the transfer tax.

R. Emmet Digney, for appellant.

Francis A. Winslow, for state comptroller, respondent.

SLATER, S. This matter arises on an appeal from the *pro forma* order entered upon the report of the transfer tax appraiser. The appraiser allows a deduction for commissions to the executors in the sum of $879.84, being commissions upon $68,984.57, the entire amount of the personal property of the decedent. The executor contends it should have been much more.

It appears that the decedent left personal estate to

the above amount and real estate to the value of about $130,000. By her will the decedent gave legacies amounting to over $84,000. The will gave the residuary estate, which consisted of lands, to the husband of the decedent. A decision herein will really fix the amount of the commissions of the executor to be paid upon the final accounting. It is claimed by the executor that the debts and legacies are charged upon the real property, and to that extent the real estate has been equitably converted. It appears from the evidence taken before the appraiser, which is now before me for review, that at the time of the making of the will the personal property exceeded the amount of the several legacies. Considerable personal property was expended thereafter for the care of the decedent, so that at the date of her death the personal property was insufficient to pay the legatees in full. While I am without power in this proceeding to construe the will and determine whether the legacies are a charge upon the real estate, it seems that, in reaching a conclusion in this matter, I will be practically deciding that question.

The several legacies are not specifically charged upon the real estate of the decedent by the terms of the will. Whether they are impliedly charged is always a question of the intent of the testator. *Ely* v. *Megie,* 219 N. Y. 112; *Carley* v. *Harper,* Id. 295; *Matter of Noe,* 94 Misc. Rep. 63.

Legacies have been held to be charged upon real estate when, at the time of making the will, the testator's personalty is considerably less than the amount of the legacies, indicating an intention on the part of the decedent to have the legacies paid out of the real estate. From the evidence before me, this state of facts does not obtain here. The evidence taken by the appraiser indicates plainly that at the time the will

was executed the personal property of the decedent exceeded the amount of the legacies.

The expenses of administration and the debts of an estate are a primary charge upon the personal estate and land cannot be resorted to except under statutory authority. Jessup-Redfield, 1145; *Schmidt* v. *Limmer,* 91 App. Div. 360; *McGoldrick* v. *Bodkin,* 140 id. 196; *Matter of Lummis,* 101 Misc. Rep. 258.

It appears that the executor has paid the legatees, also the debts and expenses of administration in full, amounting to $95,530.11. To the extent of the difference between the personal estate and the amount of the legacies, about $20,000, the executor makes himself a volunteer. A mere volunteer cannot force his services or property upon another and exact payment therefor. He contends that he should have commissions not only upon the amount of the personal property left by the decedent, but upon the amount voluntarily paid by him to the legatees, as well as the debts and expenses of the administration of the estate. He also asks for commissions upon the real estate.

The basis for the claim of commissions is found in section 2753 of the Code of Civil Procedure. It reads, as follows: " The value of any real or personal property * * * and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions."

The real estate has not been delivered, nor distributed, nor has it been converted into money, therefore there could be no commissions upon the real estate. *Matter of Wanninger,* 120 App. Div. 273; *Matter of Hardenbrook,* 23 Misc. Rep. 538; *Matter of McGlynn,* 41 id. 156.

The legacies not having been expressly charged upon the real estate and it not being the intention of the decedent so to do, the legatees were only entitled to

be paid *pro rata*.  Evidently the executor, the husband of the decedent, desired to carry into effect the wishes of his wife and did contribute from his own pocket the difference between what would have gone to the legatees on the theory of an abatement and the amount the will gave.

I cannot hold with the contention of the appellant that a conversion of the real estate resulted and that by reason thereof the executor is entitled to commissions upon the entire amount of the estate.

I think the report of the appraiser is a proper one when it gave commissions to the executor on the amount of the entire personal property of the decedent, out of which personal property, in the orderly distribution of the estate, he should pay all expenses and debts, the balance thereof to be paid to the legatees *pro rata*.  For any contribution that he has made over and above this rightful procedure he cannot secure commissions upon.

The report of the appraiser is affirmed.

Order affirmed.