In the Matter of the Estate of JOHN O. GARRETSEE, Deceased.

Surrogate's Court, Erie County, February 19, 1931.

*H. B. Van Peyma,* for the executors.

*William F. Schohl,* for Ruth B. Jensen and Ida B. Garretsee.

HART, S. The question presented is whether there is an equitable conversion of real property into personal property by virtue of the following clause in the will: " My executors to sell my real estate and personal property (except the homestead on Court Street which shall be entirely under the supervision of my wife Ida B. Garretsee) as soon as it may be prudently done, with due regard to the best interest of my estate, and to give or cause to be given, good and sufficient deeds, conveyances or bills of sale therefor. To pay off the mortgage on the Warsaw property of $1,800.00, held by the Bank of Lancaster, which is the only mortgage on any of my real estate."

In the case of *Scholle* v. *Scholle* (113 N. Y. 261), involving the will of William H. Raynor, there was the following clause:

" *Fifth.* I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, unto my executrix and executors hereinafter named, and the survivors and survivor of them in trust, with power to receive the rents and profits of the same and to sell, dispose of and convey the same at such time or times, and in such manner as to them shall seem proper and for the best interest of my estate, and to invest and keep invested such rents and profits and the proceeds of such sale or sales  *  *  *  and to divide and apply the same and the income thereof as hereinafter directed."

The rule as to whether the clause in the will decrees an equitable conversion was clearly stated by Judge FINCH in the following paragraph: " There is in the will no imperative direction for the sale of the real estate. Indeed, there is no direction to sell at all. A power or authority to sell is given, but unless the exercise of that power is rendered necessary and essential by the scope of the will and its declared purposes, the authority is to be deemed discretionary, to be exercised or not, as the judgment of the executrix may dictate, and so an equitable conversion will not be decreed. (*White* v. *Howard*, 46 N. Y. 162.) To justify such a conversion there must be a positive direction to convert, which, though not expressed, may be implied; but, in the latter case, only when the design and purpose of the testator is unequivocal and the implication so strong as to leave no substantial doubt. (*Hobson* v. *Hale*, 95 N. Y. 598.) Where, however, only a power of sale is given without explicit and imperative direction for its exercise, and the intention of the testator in the disposition of his estate can be carried out, although no conversion is adjudged, the land will pass as such and not be changed into personalty. (*Chamberlain* v. *Taylor*, 105 N. Y. 194.) "

This court held in *Matter of Duncan* (81 Misc. 575) that there

was not an equitable conversion in the power granted under the will of John Kelderhouse. The clause passed upon in that case is as strong, so far as a mandatory direction is concerned, and even possibly stronger than the one in the present case. (See, also, *Matter of Hardenbrook*, 23 Misc. 538.)

In my judgment there is no imperative direction for the sale of the real estate in the estate of John O. Garretsee, neither express nor implied. Commissions on realty, therefore, denied.

Let a decree enter accordingly.