In the Matter of the Estate of ALFRED FRANK, Deceased.

Surrogate's Court, New York County, December 14, 1935.

*Frederick W. Ritter,* for the estate of Maxwell H. Elliott, deceased executor, and temporary administrator, petitioner.

*Edmond N. Cahn,* for the objectants.

*Carmody, Roth & Mayer,* for Fritz Mueller.

*Robert J. Robeson,* in person.

DELEHANTY, S. The major question raised on this accounting proceeding is one of commissions. The executor whose acts are reported in this account was also named temporary administrator. The accounts filed show a demand for commissions in both capacities. Commissions may be allowed in one capacity only though the amount allowable is the maximum which could be allowed in either of these two capacities. (Surr. Ct. Act, § 285, subd. 8.) There would be no basis for considering the real property in connection with the computation of commissions and none would be payable thereon (*Matter of Salomon,* 252 N. Y. 381) except for the fact that the temporary administrator was authorized to collect the rents and that in the course of a probate contest an agreement of settlement was made which committed the management of the real estate to the executor. Under that agreement of settlement the executor was entitled to and did manage the real property and did collect the rents thereon and did dispose of such rents. Because of that agreement and because of the order authorizing the temporary administrator to collect rents commissions on actual rents collected will be allowed at the rate of five per cent as specified in subdivision 9 of section 285 of the Surrogate's Court Act. No commissions, however, will be allowed on the principal value of the real estate since no sale thereof was made. This conclusion makes the question of value of the real estate of no practical importance on the issue of commissions though the court holds that the value has been properly established by the appraisal of Joseph A. Duross whose affidavit is accepted in lieu of his oral testimony.

The expenditures of fifty dollars each for so-called experts retained by the accounting executor as appraisers of the real property are disallowed because the service rendered was of no value to the estate and because the so-called experts were without competency to express any opinion about the value of the property.

The objection made to the non-collection by the executor of the proceeds of the sale of personal property of deceased disposed of by auction is sustained to the extent of $238.

The only remaining question relates to the allowance for attorneys' fees to the firm of which the deceased executor was a member. The personal property in respect of which the services were rendered amounted to about $1,800. The gross collections of rents on the

real property amounted to about $6,000. The actual equity in the real property, as established by credible evidence, amounted to $16,500. No attorneys' services were required in relation to the capital value of the real estate. No tax proceeding had been conducted by or in behalf of the executor whose acts are accounted for nor had any legal work been done looking to an accounting. Services were rendered in connection with the controversy over the will of deceased and counsel are entitled to be paid a reasonable sum for services in connection with that contest and the settlement eventuating therefrom. Counsel conducted a discovery proceeding which resulted in adjustment of the account of deceased's renting agent. Counsel also handled various controversies with tenants of the premises owned by the estate. After taking into account all of these matters the court deems the sum of $1,000 adequate to compensate counsel for all services. Cash disbursements of $56.25 will be allowed.

Commissions for receiving will be allowed in full on capital assets other than real estate. Paying out commissions will be allowed on capital payments actually made. Commissions on rental income and outgo will be limited to five per cent of the gross rents collected and no other commission will be allowed on such rents. No commissions will be allowed on payments to the successor fiduciary.

Costs may be taxed by the executor of the deceased executor for the accounting.

Submit, on notice, decrees accordingly.