In the Matter of the Estate of ANDREW VOGELSANG, Deceased.

Surrogate's Court, Suffolk County, January 13, 1937.

*Saxstien & Scheinberg* and *J. Harry Saxstien* [*Solomon Raffe* with them on the brief], for Ellis T. Terry, as administrator c. t. a.

*Topken & Farley* [*Philip F. Farley* of counsel], for Dr. William J. Topken, attorney in fact for legatees.

*Walter J. Sharkey* [*Oliver Mosser* of counsel], for the Transatlantic Estates & Credit Company and/or Joseph Woerndle.

*Charles A. Webber*, for Grace E. Webber, administratrix of Alex C. Webber, deceased.

*Nathan O. Petty*, special guardian, in person.

PELLETREAU, S. The decedent died in 1928 leaving a will which is contested. Certain parties in interest or legatees gave powers of attorney to Transatlantic Estates & Credit Company and/or Joseph Woerndle. The Transatlantic Estates & Credit Company employed Alexander C. Webber, Esq., to appear for certain legatees from whom they had powers of attorney. He also appeared for the executor named in the will. In the will contest Alexander C. Webber, Esq., aforesaid, made an agreement with Transatlantic Estates & Credit Company that if the appeal to the Appellate Division were successful, his fee would be one-third of the difference between what the legatees would take under the will and what they would receive in case of intestacy. It appears that Carl Cedar, the executor, on June 24, 1931, made a check payable to the order of Transatlantic Estates & Credit Company for $2,417.76, and on July 24, 1931, said company forwarded a letter to Paul Herrmann indicating that the said company receive $2,416.76 from which it deducted $241.68 for its commissions and paid Mr. Webber $583.32.

Shortly thereafter the legatees revoked the powers of attorney to that company and/or Joseph Woerndle, and issued new powers of attorney to Paul E. Schwabe, who one time was secretary of Transatlantic Estates & Credit Company. There is a letter submitted in this matter from Mr. Schwabe indicating that he is withdrawing from the estate. Recently the legatees revoked all former powers of attorney and granted new powers to Dr. William J. Topken. Carl Cedar died November 10, 1931, and Ellis T. Terry was appointed administrator c. t. a. January 4, 1932.

The Transatlantic Estates & Credit Company jointly with said Joseph Woerndle have presented a claim for an alleged balance due them for legal services and disbursements of $1,188.88, which is set forth in detail with the affidavit of said Joseph Woerndle containing sixteen pages and sworn to in the State of Oregon, which affidavit sets forth that the affiant is now an attorney of law in the State of Oregon. The papers indicate there are now in the hands of the administrator c. t. a. about $268 and an interest in real property now assessed for $5,000, which real property is also sub-

ject to a mortgage of $2,000. The evidence indicates that Alexander C. Webber, Esq., received from the estate $975 on account of fees, $961.61 as costs, and $583.32 from the legatees, making in all $2,519.93.

Upon the accounting, question is raised as to the validity of the powers of attorney heretofore referred to and as to what compensation, if any, should be paid to the Transatlantic Estates & Credit Company and/or Joseph Woerndle and what additional compensation, if any, should be paid to the estate of Alexander Webber.

The powers of attorney to Transatlantic Estates & Credit Company or Joseph Woerndle and Paul E. Schwabe contain the following provision: " To employ and appoint attorneys and Counselors-at-law in all matters where legal services are required," also, " upon settlement of the estate, to deduct therefrom its or his compensation in full and all expenses had and incurred by it or him in the employment of counselors, attorneys or otherwise." Apparently the agreements were contrary to the provisions of sections 270 and 280 of the Penal Law. (*Matter of Wellington,* 154 Misc. 271, 273.) A beneficiary through his attorney in fact and Transatlantic Estates & Credit Company filed objections to an account. In that matter the Consul General of the Irish Free State appeared. Both the public administrator and the said Consul General contended that the powers of attorney and agreement of compensation were illegal and in violation of section 280 of the Penal Law. The decision by Surrogate Foley is illuminating, and a portion of it reads as follows: " The nature of the work, as shown by the evidence, plainly establishes that this corporation practiced law in violation of section 280 of the Penal Law. In the year 1928 the committee on unlawful practice of the law of the New York County Lawyers' Association began an investigation of the activities of the corporation. As a result of the investigation they * * * recommended the initiation of a proceeding by the Attorney-General for the cancellation of its charter. In order to avoid a compulsory dissolution Woerndle, the president of the corporation, and Paul E. Tuthill, its attorney, agreed to a voluntary dissolution and ' the prompt winding up of its business.' * * * The New York corporation was actually dissolved in February, 1930, but the promise of an abandonment of the business by Woerndle and his attorney Tuthill was a mere sham and pretense, for within a few months a New Jersey corporation of the same name was formed which carried on the same business in the same flagrant manner. * * * In the present estate it has been stated that the agreement of compensation of the Transatlantic Estates is fifteen per cent of the share of the interest of the sole beneficiary in the estate. Payment of any percentage whatsoever would be an unjustified and

unnecessary deduction from the interest of the beneficiary in the estate. * * * In the present case I hold that the Transatlantic Estates and Credit Company was engaged in the practice of law, and for that reason any agreements obtained by it to represent foreign heirs, and any powers of attorney procured by it, are illegal and void. ' A corporation can neither practice law nor hire lawyers to carry on the business of practicing law.' (*Matter of Co-operative Law Co.*, 198 N. Y. 479.) In the latter case Judge VANN further said: ' The bar, which is an institution of the highest usefulness and standing, would be degraded if even its humblest member became subject to the orders of a money-making corporation engaged not in conducting litigation for itself, but in the business of conducting litigation for others.' To these general observations may be added the fact that section 280 of the Penal Law has provided a specific prohibition against corporations practicing law."

In *Matter of Lynch* (154 Misc. 260) the court likewise expeditiously and to the point passed upon a similar situation. I hold that the powers of attorney to Transatlantic Estates & Credit Company and/or Joseph Woerndle, also to Paul E. Schwabe, are illegal and void and were so from the beginning. The court finds no fault with powers of attorney to Dr. William J. Topken. He is an attorney and counselor at law and is the attorney for Gustave Muller, German Consul in the city of New York. The claim of Transatlantic Estates & Credit Company and/or Joseph Woerndle have no legal standing in this court. It has already received $241.68 from the legatees for its services.

Now in relation to the claim of the estate of Alexander C. Webber. He concededly received $2,519.93, but apparently the administrator c. t. a. is entitled to about $1,000 in rents from Joseph Vogelsang. Real property has not been sold. Mr. Webber apparently in his lifetime failed to have determined the question of the validity of the powers of attorney, nor did he file an intermediate or any account in this estate. The real property has been managed by Joseph Vogelsang, a surviving brother of the decedent. It appears that Nathan O. Petty, Esq., has a claim against the estate heretofore allowed to $500, plus $76.82 for costs for services in the various will contests and appeals therefrom. The estate is likewise indebted to Samuel P. Hildreth, Esq., in the sum of $80. The commissions have not been paid nor the attorneys for the administrator c. t. a. The claim of the estate of Alexander C. Webber in effect is that he is entitled to a fee from the executor and an additional fee from the legatees. I think he was sufficiently compensated. (See opinion of Surrogate DELEHANTY in *Matter of Frank*, 157 Misc. 746, in a somewhat similar situation.)

Submit decree accordingly.