(33 Misc. Rep. 163.)

In re ROSS et al.

(Surrogate's Court, New York County. November, 1900.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—COMPENSATION.

    An executor is not entitled to commissions on the value of real estate never actually sold or converted into money, but as to which he has executed releases confirming a partition agreed on between the residuary devisees, to whom the title passed by the terms of the will.

2. SAME.

    Devisees cannot bind themselves to permit an executor to charge greater commissions than the law prescribes for his services.

3. SAME—CHARGES—INTEREST.

    Though commissions are not legally payable to executors until allowed by the court, adult legatees may, for the purpose of permitting prompt distribution, compute the amount of commission probably allowable, and interest will not be charged as a penalty if commissions finally approved are then paid by the executors to themselves.

Judicial accounting of Reuben W. Ross and others as executors of Reuben Ross, deceased.

William J. Leitch, for executors.

Edward W. Sheldon, for contestants.

THOMAS, S. The residuary estate of the testator, both real and personal, was devised and bequeathed to his designated nephew and four nieces; and the unconverted personal assets remaining in the hands of the executors, after payment of debts and legacies, cannot be construed to be specific legacies, to be excluded in computing commissions, and the case of Schenck v. Dart, 22 N. Y. 420, has no application. The provision of the statute which requires the sole compensation of an executor to be commissions at fixed rates for receiving and paying out sums of money has been extended by judicial construction to include as a basis for computing commissions the values of personal assets received by an executor, and never con-

verted by him into cash, but delivered by him to and accepted by the legatee entitled in the form in which they were received by him. Cairns v. Chaubert, 9 Paige, 160; In re Moffat, 24 Hun, 325; In re Curtiss, 15 Misc. Rep. 545, 551, 37 N. Y. Supp. 586; Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70; In re De Peyster, 4 Sandf. Ch. 511; Cox v. Schermerhorn, 18 Hun, 16; McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475. When a debt owing to the testator, secured by mortgage, is an asset received by the executor, and by foreclosure or otherwise the equity of redemption is extinguished, and the title to the land becomes vested in the executor, this, for purposes of accounting, continues personalty, as representing the original asset, and commissions may be allowed upon its value. In re De Peyster, 4 Sandf. Ch. 511. The value of the unconverted as-sets so transferred to the beneficiaries may be fixed and determined for this purpose by the agreement of the parties; they being adults, and in the absence of any claim of misrepresentation or fraud. No rule of law precludes an adult legatee from agreeing as to the rea-sonable value of property given to him for the purpose of making a just division of assets between himself and other parties in interest, and for the purpose of the accounting of the executor with him. These principles require that all of the objections made to the allow-ance of commissions to the executors be overruled, except only the objections made to the claim for commissions on the value of the real property of the testator never actually sold or converted into money, but as to which releases were executed by the executors to confirm a partition agreed upon between the residuary devisees. The title to this real property passed by the terms of the will di-rectly to the residuary devisees, and never vested in the executors for any purpose whatever. It was subject, it is true, to a discre-tionary power of sale in the executors, but this power was solely for the purpose of enabling the executors to perform their duties as such. There was a large surplus of personalty remaining after the payment of debts and legacies, and, by the express language of the will, none of the legacies were to be considered in any way as liens upon the real estate. The power of sale to facilitate the division of the estate became of no use after the devisees owning the legal title had agreed upon a partition, and the releases of the executors had no practical value beyond acting as an estoppel against themselves in case they should ever subsequently assert or assume to exercise the power. Under these facts no judicial construction that the exec-utors ever received or paid out the value of this real estate is pos-sible, and the executors cannot be allowed commissions on that value. In re Tilden, 44 Hun, 441, 445; Bruce v. Lorillard, 62 Hun, 416, 16 N. Y. Supp. 900; Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70. Although the devisees could lawfully agree to the fact of value, thus making further proof on that point unnecessary, they could not by any agreement with the executors bind themselves to permit the executors to take more of the estate for their own use than the law prescribes for services performed as executors. Such an agreement would be void, as without consideration, and also as a violation of a rule of public policy. Carpenter v. Taylor, 164 N.

Y. 171, 58 N. E. 53. The exception to the allowance of any commission on the value of the unconverted real estate is therefore sustained, and no commission will be allowed on that value. No interest will be charged on commissions now allowed, from the dates when the amounts of such commissions were by the consent of the residuary legatees paid by the executors to themselves. Although commissions are not legally payable to executors until allowed by the court, adult parties may, for the purpose of permitting a prompt distribution of the assets, and where debts and other legacies are vaid, compute the amounts of commissions probably allowable; and interest will not be charged as a penalty if commissions finally approved are then paid by the executors to themselves. Beard v. Beard, 140 N. Y. 260, 265, 35 N. E. 488. The other objections are as to matters of fact correctly determined by the referee, and they are overruled.

Decreed accordingly.