1. LIFE ESTATES—RIGHTS OF LIFE TENANT—SECURITY.
    Where a will gives property to one for life, with remainder over, the life tenant is entitled to the possession of the property on giving a bond satisfactory to the remainderman for his proper conduct.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Life Estates, § 18; vol. 22, Executors and Administrators, § 1217.]

2. EXECUTORS—COMMISSIONS.
    Where a will gave property to one for life, with remainder over, the executors were entitled to their commissions on the property, whether the same was reduced to cash or not.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2102.]

In the matter of the judicial settlement of the estate of Emmagene Fleming, deceased. Decree ordered.

Co'eman E. Kissam, for petitioner.
William R. Barricklo, for Clapp and others.

CHURCH, S. By the second codicil of the will in question a life interest in the property mentioned was given directly to the husband, subject to the payment of an annuity to the sister of the deceased. The trust scheme of the will was therefore set aside, and consequently the life tenant is entitled to the immediate possession of such property. This should not be done, however, until a bond satisfactory to the remainderman is given for the proper conduct of the life tenant.

Under these circumstances, it also follows that the executors are also entitled to their commissions, irrespective of whether the property is reduced to cash or not. These commissions should be divided equally between them, and there is no reason shown why the costs of the proceeding should be charged against Fleming personally. An allowance will be made to the accounting executor only; $25 costs and $50 for the per diem compensation provided for by the Code.

As neither decree corresponds with my decision, parties must submit an amended decree in conformity with same.