(Supreme Court, Appellate Division, First Department. June 21, 1907.)

1. EXECUTORS—ACCOUNTING AND SETTLEMENT—COMMISSIONS—UNSOLD REAL ESTATE.

Where, under a will, real estate did not pass to the executors as such, but only vested in them as trustees, subject to the power given them as executors to sell so much of it as might be necessary to enable them to complete their executorial duties, the executors were not entitled to commissions on such real estate, under Code Civ. Proc. § 2730, providing that commissions shall be paid to executors on "all sums of money" received and paid out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2089.]

2. SAME.

Though it may have been testator's intent to work an equitable conversion of real estate into personalty, yet before actual conversion the real estate cannot be considered as money for the purpose of awarding commissions to the executors, within the meaning of Code Civ. Proc. § 2730, providing that commissions shall be paid to executors on "all sums of money" received and paid out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2089.]

Appeal from Decree of Surrogate, New York County.

In the matter of the judicial settlement of the accounts of Charles Wanninger and others, as executors, etc., of William B. Nelson, deceased. From the decree of the surrogate, excluding from the account of the executors the unsold real estate of decedent, the executors appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred A. Cook, for appellants.
John M. Perry, for respondent.

SCOTT, J.   This appeal presents only the question whether or not the appellants should have included in their accounts as executors the unsold real estate of William B. Nelson, their decedent.   Incidentally, of course, this involves the question whether or not the appellants, as executors, are entitled to commissions upon such real estate.   Section 2730 of the Code of Civil Procedure provides that commissions shall be paid to executors and administrators upon "all sums of money" received and paid out.   The construction heretofore given to this section has been that executors are not entitled to commissions upon specific securities, or upon unsold real estate, bequeathed in trust, in advance of their conversion into money.   McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475; Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70; Robertson v. De Brulator, 188 N. Y. 301–316, 80 N. E. 938.

Without attempting a minute analysis of the provisions of the will, it will suffice to say that in our opinion the title to the real estate never passed to the executors as such, but at once devolved upon the executors as trustees, subject to the power given to the executors to sell so much of it as might be necessary to enable them to complete their executorial duties.   Nor do we consider it necessary to determine whether or not the will intended to work an equitable conversion of the real estate into personalty.   Even where such a conversion is effected, we have been referred to no authority for the proposition that before actual conversion the real estate is to be considered as money, for the purpose of awarding commissions to the executors.

The decree, in so far as appealed from, is right, and should be affirmed, with costs to both parties appearing on the appeal, and payable out of the estate.   All concur.