### Matter of the Estate of HANNAH ANN CRAIN, Deceased.

(Surrogate's Court, Herkimer County, January, 1917.)

Transfer tax — fixing of — wills — when commissions on real property not allowed — executors and administrators.

Where testatrix devised certain real property to her children who were also her executors and given by the will a mere power of sale without direction to sell, and it does not appear from the will or otherwise that a sale is necessary to carry out the testamentary provisions or that the executors intend to sell, commissions on the real property should not be allowed and deducted as an administration expense, in a proceeding to fix a transfer tax.

APPEAL from an order assessing the transfer tax.

Bowers & Sands, for appellants.

Fred D. McIntosh, for respondent.

BELL, S.  This is an appeal from an order, assessing a transfer tax herein, made and entered March 31, 1916.

Hannah Ann Crain died August 20, 1914, leaving a will which was admitted to probate August 31, 1914.

After making a number of specific bequests the will provides:

" *Second.* All the rest, residue and remainder of my property and estate, real- and personal   *   *   * I give, bequeath and devise unto my husband, Dunham Jones Crain, for and during the term of his life   *   *   *.

" *Third.* Upon the death of my husband   *   *   * I direct that the aforesaid rest, residue and remainder of my aforesaid property and estate, shall be divided into three several equal parts, and thereupon I give, bequeath and devise one of said parts unto each of my said children, Thomas C. T. Crain, Christobelle Crain and Davida Crocker Crain, absolutely."

" *Fifth.* I nominate and appoint my said husband   *   *   * to be the executor of this my last Will and Testament, giving and granting unto him full power and authority with the written consent of my aforesaid children   *   *   * or the survivor or survivors of them to sell, grant, bargain, exchange and convey any and all real estate of which I may die seized and possessed and to execute and deliver all and every necessary conveyance therefor, in fee simple, with assurances of title to the purchaser or purchasers thereof. Upon the death of my said husband, or if for any cause he may fail to qualify as executor aforesaid   *   *   * I then nominate and appoint my said children,   *   *   * to be the executors of this my last Will and Testament, giving and granting unto them,   *   *   * the same executorial powers which I have hereinbefore conferred upon my said husband."

The husband pre-deceased the testatrix.

The three children duly qualified as executors and letters testamentary were issued to them.

Surrogate's Court, Herkimer County, January, 1917. [Vol. 98.

The appraiser did not allow, as an administration expense, executors' commissions on $250,372, the value of the real property and which disallowance is the cause of this appeal.

He allowed for debts $7,201.88, for funeral expenses $743.25 and for administration expenses $4,161.10, which include $514.85, the executors' commissions on the personal property.

Upon the death of the testatrix this real property vested in said three children, subject to a power of sale by them as executors.

Real property may be converted into personalty by a power of sale, but where that power has not been exercised the executors are not entitled, on the judicial settlement of their accounts, to commissions on the value of such real property. *Matter of Duncan,* 81 Misc. Rep. 575; *Matter of Wanninger,* 120 App. Div. 273; affd., 190 N. Y. 527; *Phœnix* v. *Livingston,* 101 N. Y. 451.

There is no direction in this will to exercise the power of sale.

It does not appear that a sale is necessary in order that these three devisees may receive their "three several equal parts."

It does not appear that these devisees desire a sale by themselves, as executors, or that the executors intend to sell.

In *Matter of Saunders,* 77 Misc. Rep. 55, cited by appellants' counsel, the will directed the conversion of the real property into personalty, and in *Matter of Blun,* N. Y. L. J., March 18, 1916, it appears by the will that it was necessary for the executors to exercise the power of sale in order to carry out the provisions of the will.

While in a transfer tax proceeding many of the

deductions for administration expenses must necessarily be estimated, and assuming that in every taxable estate the appraisal is made and tax assessed before the executor has had an opportunity to sell the real property under the power of sale, even then, it seems to me, it should appear by the will, or otherwise, that the executor, in the performance of his duty, will be required to sell, or that he intends to sell, in order to make executors' commissions on the value of the real property a proper deduction.

If such a deduction should be made upon a mere power of sale, many deductions, by way of estimation, would be allowed that would never exist, because there are many wills containing a power of sale and no sale made.

Chrystie on Inheritance Taxation (p. 908) says: "The practice relative to allowance of commissions on real estate, where the will provides for sale of real estate, is limited to cases in which the power to sell has been exercised, or to where it is established that it will be exercised." I am of the opinion that in a case like this where there is a mere power of sale, without direction to sell, and it does not appear from the will or otherwise that a sale is necessary to carry out the provisions of the will, or that executors intend to sell, executors' commissions on the real property should not be allowed and deducted as an administration expense.

Order affirmed.