In the Matter of the Estate of BERTHA J. MORIN, Deceased.

Surrogate's Court, Kings County, April 16, 1930.

*Thomas P. Mackey,* for the petitioners.

*Murtha & Irving,* for The Swedish Hospital in Brooklyn, legatee.

WINGATE, S. Two questions respecting commissions of the personal representatives arise upon the instant accounting. The first concerns their right to full commissions as executors at this time and the second respecting the propriety of commissions upon real estate.

The will, after directing payment of debts, etc., and making certain provisions respecting the funeral of the decedent, gave the balance of the estate in trust to pay the income to two named individuals for life with remainders over on the death of the survivor. The executors were given broad powers over the real estate.

This court had occasion recently to consider at length the rules respecting commissions in a single and dual capacity, in *Matter of Abrahams* (136 Misc. 538), and it is obvious that the directions of the instant will fall within the principle therein designated 7-b. It is apparent, within the determining decisions as there reviewed, that the representatives act at all times in an executorial capacity and that, therefore, single commissions only are allowable, one-half on receiving, payable at the present time, and that the present accounting cannot be considered final.

In the opinion of the court, the executors are, however, entitled to such commissions on the real estate as well as on the personal property. Section 285 of the Surrogate's Court Act provides, in part, as follows: " The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise."

A reading of the cases determining the rights of executors to commissions on real estate not specifically devised indicates that the crucial question is usually whether or not the real estate has actually been *received* by the executor. (*Matter of Runk,* 181

App. Div. 461, 464; affd., 224 N. Y. 570; *Matter of Barker*, 230 id. 364, 371, 372.)

In the will at bar and the usual case where executors are invested with trust powers and obligations in addition to their usual executorial duties, it will usually be obvious that they are called upon to *receive* the real estate in respect to which such powers are bestowed. In such cases they are, therefore, entitled to commissions thereon in the same manner as upon personal property of the estate.

Settle decree, on notice, accordingly.