In the Matter of the Estate of JOHN McCARTHY, Deceased.

Surrogate's Court, Westchester County, October 26, 1932.

*Guggenheimer & Untermyer*, for the executors.

*Basil Filardi*, special guardian.

SLATER, S. The question presented in this accounting proceeding relates to commission upon real estate, which is to be turned over in kind by the executor to the trustee, for the purpose of the trust created by the will. Section 285 of the Surrogate's Court Act states the statutory law with regard to commissions upon real estate. It relates only to such property as may have been "received, distributed or delivered."

The estate consists of real and personal property. The only direction the executors had over the real estate was through a power of sale. Any unsold realty was devised to them as trustees.

The will did not convey to the executors title to the real property. It gave the executors a power of sale over the real property, but the testator left sufficient personal property to pay all his debts and legacies, so that the necessity of selling the real property never arose, and the executors never exercised the power conferred upon them to convert the real property into personalty. There was no imperative direction to executors to sell the real estate. Consequently, there is no equitable conversion. (*Matter of Salomon*, 252 N. Y. 381.) They performed no act in relation to it under the authority given them by the terms of the will and the title to the

real property never vested in them. (*Matter of Barker*, 230 N. Y. 364.)

The will in the instant case did not grant to executors broad powers over the real estate to bring it within the ruling of *Matter of Morin* (136 Misc. 823).

Counsel suggests the novel proposition that, because of the assimilation of real and personal property as assets of the estate, pursuant to the new Decedent Estate Law, commissions must flow to executors upon the entire estate, real and personal, of the decedent. The urged theory of liquidity of assets is a fantastic idea to support the payment of commissions upon unsold real estate, without a change in the law of commissions. It cannot avail. While the new Decedent Estate Law (§§ 81, 83) abolished the distinction between real and personal property, so far as devolution is concerned, we must still look to section 285 of the Surrogate's Court Act for the power of executors or trustees to receive commissions.

The executors in this estate did not receive, distribute or deliver any of the real estate in question and, hence, are not entitled to commissions thereon. (*Matter of Seiss*, 119 Misc. 521; *Matter of Arenfred*, FOLEY, S., N. Y. L. J. Jan. 23, 1924; *Matter of Taylor*, 121 Misc. 7; *Matter of Greer*, 123 id. 909; *Matter of Slater*, 137 id. 54.)

These views will reduce the estate to below $100,000, so that only one commission is allowed to be divided between the two executors.

Submit decree in accordance with this opinion and decision.