In the Matter of the Estate of JOHN I. D. BRISTOL, Deceased.

Surrogate's Court, Westchester County, May 12, 1933.

*Valentine & Chichester* [*Edwin F. Valentine* of counsel], for the executors.

*Thomas P. McLaughlin,* for the State Tax Commission.

SLATER, S. This is an appeal from the *pro forma* order of this court assessing the estate tax. Two questions are raised. The first is with regard to the character of the gift under the seventh paragraph of the will. Is a vested or contingent estate created? The answer to this question reflects the percentage of tax to be assessed against the interest taken under the will.

The other objection relates to the deduction from the gross estate of commissions to the executors on the value of the real estate. The legal question here presented is, does the will create an equitable conversion and are the executors' commissions to be allowed whether or not the real estate is sold by them?

The seventh paragraph of the will is as follows:

" *Seventh.* Upon the death of my said daughter Frances Bristol Turner I direct that the principal of said Trust Fund, with all accretions thereto, be then divided among my grandchildren: Albert Bristol Turner, Helen N. Turner, Alexander Ross Turner, Perry Brevoort Turner and James Bain Turner or their issue, if any then be deceased, *per stirpes,* and my nephew Brevoort Bristol Barr, Maude Effie Goedecke and Mrs. Helen Belle Bell. It being my intent that my said estate shall be divided among my said grandchildren,— or their issue, *per stirpes,*— and the last three named persons or such of them as shall survive my said daughter Frances Bristol Turner."

It is the contention of the executors that the gifts to the persons above named are vested; that on an appraisal of the estate for tax purposes, the executors are entitled to statutory exemptions of $5,000 to each·of the said grandchildren. The executors are relying on *Matter of Clark* (120 Misc. 191).

There are two primary trusts in the will. One is for the life of the widow and the other for the life of the daughter in the nature of an annuity to produce a certain annual sum. If the draftsman of the will had ceased writing after the name of " Helen Belle Bell," it could be said that *Matter of Clark (supra)* provided the law for the case. But the draftsman had the willmaker state his intent

by saying " it being my intent " that the estate shall be divided between the said grandchildren or their issue and the last three named persons " or such of them as shall *survive* my said daughter, Frances Bristol Turner." Here we are met by his declared intent that there shall be no vesting until the death of the daughter. The persons named take an interest subject to be defeated by their death prior to the termination of the trust. The gift takes on the condition of *survivorship* and the estate does not vest or become absolute and final until the death of Frances Bristol Turner. (*Matter of Burdsall*, 128 Misc. 582; affd., 221 App. Div. 756.) The word " survive " is all important. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Dyckman*, 138 Misc. 253, 256, and cases cited.

The words " or their issue " following the gift to the grandchildren are words of substitution. (*Matter of Evans*, 234 N. Y. 42; *Matter of Dyckman, supra.*)

With regard to the second objection, I hold that the ninth paragraph of the will creates an equitable conversion. (*Furniss* v. *Cruikshank*, 230 N. Y. 495; *Matter of Jackson*, 258 id. 281, 291.)

*Matter of Barker* (230 N. Y. 364, 371) holds that where an equitable conversion is accomplished by the will, it does not become effective for all purposes. The court said: " It may be assumed that where there is an equitable conversion under a will the doctrine of such conversion will be applied to all details which are involved in construing and carrying out the provisions of the will to which it is applicable, but we do not think that the doctrine should be applied to a matter entirely extraneous to the construction and operation of the will itself, as the fixation of fees, so as to enable an executor to collect fees for receiving real estate on the theory that it was personal property."

Section 285 of the Surrogate's Court Act provides for commissions to executors and trustees upon the value of any real or personal property " received, distributed or delivered." Pursuant to the fifth paragraph of the will, the decedent devised to the executors his real and personal estate upon trust. In dealing with this trust, the real estate has been " received " and will have to be " distributed or delivered " either as real property or in converted form. The trustees will have performed an act in relation to it under the authority vested in them by the terms of the will. The facts in the instant case are different from those in *Matter of Salomon* (252 N. Y. 381).

Before section 285 of the Surrogate's Court Act was amended in 1916, the law was that even where such conversion was effected there was no authority for the payment of commissions before the *actual* conversion of the real estate. (*Matter of Wanninger*, 120

App. Div. 273; affd., 190 N. Y. 527.) Now commissions may be allowed upon the real estate actually " *received, distributed or delivered.*" (*Matter of Morin*, 136 Misc. 823.) The commissions upon the real property left by the decedent and received by the executors and trustees pursuant to section 285 of the Surrogate's Court Act, should be allowed as a proper deduction in the transfer tax proceeding.

Submit amending order in accordance with this opinion and decision.