In the Matter of the Judicial Settlement of the Account of Proceedings of WALTER PIEL and ELMER E. WIGG, as Executors, etc., of SOPHIE PIEL, Deceased, and of ROSENA R. NEWCOMBE, BRENT W. BLYTHE and ELMER E. WIGG, as Executors, etc., of RICHARD S. NEWCOMBE, Deceased, Who Was a Former Executor, etc., of SOPHIE PIEL, Deceased. WALTER PIEL, as Executor, and ELMER E. WIGG, as Executor and Individually, Appellants; SOPHIA PIEL PINKNEY, ARTHUR PIEL, ROBERT PIEL and GOTTFRIED PIEL, Respondents.— Two of the executors appeal from so much of a decree settling their accounts as sustains the sole objection interposed to the account, relating to the purported separation of the nature and functions of the executors and trustees, and adjudges that the account be judicially settled as an intermediate account, that the fiduciaries shall act only in the single capacity of executors and not in separate and successive capacities both as executors and trustees, that the accountants are entitled to be paid only such commissions as are allowed upon an intermediate accounting, and are not entitled to pay over to themselves as trustees the principal of the trust established by the " Third " paragraph of the will, and thereupon be discharged as executors.

Decree of the Surrogate's Court, Queens County, in so far as appealed from, affirmed, without costs. Approximately thirteen years after the death of the testatrix, the appellants filed their accounts as executors, which were thereafter supplemented to include an additional period of time. They have never accounted as trustees. Instead, the account as presented includes all services rendered to the estate by the fiduciaries, and accounts for the corpus of the trust fund which was created and the income therefrom. Thus the fiduciaries have themselves regarded the assets of the estate as a single entity and have made no attempt to segregate their duties as executors from those as trustees. Their account shows the commissions received as executors from the income earned from the corpus of the trust. They, themselves, regarded their duties as indivisible and are bound by their own practical construction. (Matter of Slocum, 169 N. Y. 153; Matter of Martin, 196 id. 415; Matter of Clinton, 12 App. Div. 132.) Lazansky, P. J., Hagarty and Close, JJ., concur; Carswell, J., dissents and votes to reverse the decree in so far as appealed from, and to dismiss the objection, with the following memorandum: The will indicates that testatrix intended a separation of functions of executors and trustees, and effect should be given thereto. (Laytin v. Davidson, 95 N. Y. 263; Olcott v. Baldwin, 190 id. 99; Matter of Gallaher, 144 Misc. 168; affd., 236 App. Div. 666; Matter of Angell, 258 id. 988.) As to the "practical construction" contention, the conduct to which reference is made is sufficiently equivocal, in connection with the explanations tendered, to warrant the view that it constitutes no barrier to the acceptance of appellants' claims. Adel, J., concurs with Carswell, J.