## In the Matter of the Estate of ISAAC GREENWALD, Deceased.

Surrogate's Court, Westchester County, January 27, 1943.

*Maxwell E. Lopin* for Alice Greenwald et al., executors and trustees.

*Thomas P. McLaughlin* and *Jerome M. Hirsch* for State Tax Commission.

MILLARD, S. The executors under the will of this decedent appeal from a *pro forma* order of this court fixing the estate tax. Said appeal presents for determination two questions. The first is whether or not executors' commissions computed on certain unsold real estate are proper deductions pursuant to the provisions of article 10-C of the Tax Law. The other is whether separate commissions on the principal of a trust fund

are allowable to the appellants in their capacity as trustees and if so whether such trustees' commissions are proper deductions for tax purposes.

After leaving his wife a legacy of $10,000 and directing that a trust in the sum of $1,000 be established for the perpetual care of his father's cemetery plot, the testator left the residue of his estate, both real and personal, in trust with income payable to his wife for life and remainder over to various named individuals and charitable corporations. The residuary clause of the will establishing the trust reads in part as follows: " All the rest, residue and remainder of my property * * * I give, devise and bequeath unto my executors and trustees herein after named,.and to the survivors and survivor of them and their successors or successor."

Paragraph " Tenth " of the will confers upon both the executors and trustees the identical broad powers with respect to the management, leasing, sale and mortgaging of real property.

It appears that the testator left a gross estate of approximately $303,000 of which $268,291.22 is represented by real estate and accrued rentals. Debts, funeral expenses, estimated State and Federal inheritance taxes, and administration expenses amount to approximately $63,000.

Section 285 of the Surrogate's Court Act reads as follows: " The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, *received, distributed or delivered,* shall be considered as money in making computation of commissions. But this shall not apply in case of a specify legacy or devise." (Italics mine.) (L. 1920, ch. 928, as amd.; derived from Code of Civil Procedure, § 2753.)

It is urged that the language employed in the residuary clause of the will establishing the trust, read in conjunction with paragraph " Tenth " defining the powers of the executors and trustees, is sufficient to bring this case within the application of the above-quoted statute. The test, of course, is whether the executors under this will " received " the real estate within the meaning of section 285, subdivision 5, of the Surrogate's Court Act. I am of the opinion that they did. (*Matter of Barker,* 230 N. Y. 364; *Matter of Ellensohn,* 258 App. Div. 891; *Matter of Bristol,* 147 Misc. 578; *Matter of Morin,* 136 Misc. 823.) It follows that executorial commissions upon the value of the real property left by this decedent should be allowed as a proper deduction in the estate tax proceeding.

That part of the appeal pertaining to separate trustees' commissions is dismissed. The 1931 amendment to section 249-s of the Tax Law (L. 1931, ch. 134) omitted from subdivision 1 thereof the words " or trustees." The statute, so far as applicable to this case, now reads as follows: " Deductions on account of commissions or allowances to executors shall not exceed the amount of such commissions or allowances as prescribed by law."

Settle order amending the *pro forma* order of this court in accordance with this opinion and decision.