In the Matter of the Accounting of THOMAS J. GARCIA, as Trustee under the Will of CHARLES TRILLER, Deceased.

Surrogate's Court, New York County, June 17, 1955.

*Howell D. Boyd* and *Robert D. Taisey* for trustee, petitioner.

*Lundgren, Lincoln, Peterson & McDaniel* for Frances O. Graham and another, respondents.

FRANKENTHALER, S. Under the will certain real property was devised in trust subject to the condition that if the life beneficiary should take up residence in the devised premises within six months of the date of probate of the will and should continue to live there for a period of two years, the trustee was " to execute and deliver * * * a deed and bill of sale covering such premises and the contents therein respectively, and I hereby give, devise and bequeath the same to * * * [the life beneficiary] and as to said premises and the contents therein said trust shall terminate." The trustee was further directed to pay " taxes, assessments, repairs, mortgage interest and

amortization payments, if any, and insurance premiums.'' The life beneficiary has fulfilled the conditions set forth, the two-year period has passed and the trustee has executed and delivered a deed to such premises.

The court holds that as the real property in question was effectively devised to the trustee and duties were imposed upon him he is entitled to receiving commissions for the property in accordance with section 285-a of the Surrogate's Court Act (*Matter of Keane,* 97 Misc. 213; *Matter of McGurk,* 175 N. Y. S. 597; *Matter of Potter,* 106 Misc. 113). When the life beneficiary fulfilled the conditions imposed by the will, however, the trust terminated and the property vested in her. Such property was not '' distributed or delivered '' within the meaning of section 285-a of the Surrogate's Court Act, the trustee having '' performed no services   *   *   *   for a succession which passed without action, control or responsibility '' on his part (*Matter of Jones,* 136 Misc. 122, 126). While execution by the trustee of a deed was directed by the testator, such execution was not a further condition precedent to the vesting in the life beneficiary of the fee but an act in confirmation of such vesting '' desirable as completing a chain of title, but   *   *   *   not an absolute necessity '' (*Chisolm* v. *Hamersley,* 114 App. Div. 565, 569; *Matter of Jackson,* 187 Misc. 156; *Matter of Miller,* 257 N. Y. 349; *Matter of Fullam,* 111 Misc. 514). The trustee is, therefore, not entitled to paying commissions with respect to such property.

The application of the trustee for leave to resign and for the appointment of a successor trustee is granted. Costs have been taxed.

Resubmit decree settling trustee's account with computations recomputed accordingly.