Roy M. Page, S.
In this proceeding for the judicial settlement of the executor’s account, the sole question requiring special attention is as to whether or not he is entitled to commissions on the value of real property of which the deceased died seized.
By the will, paragraph ‘ ‘ Second ’ ’, all of the net estate is constituted as a trust the income of which is provided for Eloise Gabriel, daughter of the testatrix, for the duration of her natural life, with the remainder to her four children, grandchildren of the testatrix. The will also contains an express power of sale of real property.
*750 The personal property of the estate was ample for the payment of all funeral and administration expenses and debts, leaving a surplus to become a portion of the trust corpus. A major asset of the estate is the residence real property of the deceased. The petitioner was nominated as executor and trustee and has been or will be duly confirmed in both of these capacities.
The special guardian for the four infant remaindermen has filed his objection to the executor’s account in relation to computing commissions on a basis including $25,000 as the valuation of the real property.
The determination of the question as to whether or not the executor is entitled to have his commissions as such executor computed on this basis is governed by a provision of section 285 of the Surrogate’s Court Act. The only portion of this long section with which we are presently concerned is subdivision “2” thereof, viz.: “ § 285. Commissions of executor, administrator or guardian. * * * 2. The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise.”
The literal wording of the above-quoted statute, as well as various implications arising therefrom, tends strongly, or, if this were a case of first impression, would tend strongly to support the conclusion that, in its enactment, the legislative intent, if any, was that, except in cases of specific devises, an executor would be entitled to commissions on real property of a decedent’s estate administered by him. For instance, the provision that, for the purpose of determining an executor’s commissions, the value of real property is, “ to be determined in such manner as the surrogate may direct,” would seem to indicate that real property need not, necessarily, have been sold and converted into money by the executor. Also, “ the increment thereof ’ ’ is made applicable to real property in the same manner as to personal property. The exclusion of specific devises, inferentially at least, tends to support the thesis that, in the case of a nonspecific devolution of real property, its value would be counted in the computation of an executor’s commissions. Moreover, it seems somewhat difficult to understand why the situation of an executor is essentially different from that of a trustee who may never have converted real property eventually devolving to remaindermen, yet under the provisions of section 285-a of the Surrogate’s Court Act a trustee is unquestionably entitled to receiving commissions on the value *751 of real property within the corpus of the trust. Further, it is to be noted that the above-quoted statutory provision, at least expressly, does not set up the holding of title as a criterion of whether or not commissions are payable.
On the basis of the wording of subdivision 2 of section 285 of the Surrogate’s Court Act, it is strenuously contended by the petitioner that the value of the real property here in question falls squarely within the above-quoted provision and its unquestioned value of $25,000 is, therefore, includable within the basis for the computation of his commissions as executor. This proposition is just as strenuously contested by the special guardian. In their respective briefs they have called attention to numerous authorities as bearing upon the issue of law as to the executor’s entitlement to commissions on the value of the real property, and, in addition thereto, the special guardian has contended that all of the many cases sustaining the right to a commission on real property cited and urged by the executor are clearly distinguishable.
An alternative to an individual consideration of all the great number of authorities cited by the respective parties herein would be to, if it exists, find a precedent established by our court of last resort involving the determination of an issue of law substantially identical with that with which we are concerned herein. It appears that such a case is Matter of Salomon (252 N. Y. 381) decided in 1930. The above-quoted portion of section 285 of the Surrogate’s Court Act was there quoted and applied by the Court of Appeals. This, at that time, was identical with what it is now. Careful search shows that no appellate ease since 1930 has in any way modified the construction of the statute unanimously adopted in the Salomon case.
In that case, there was a provision of the will stating that, “ For the purpose of the payment of legacies, and for the distribution and settlement of my estate, my real estate shall be deemed to be personal property ”, thereby presenting a basis for argument in favor of allowing the executor commissions on the real property of the estate stronger than merely an express power of sale of real property as found in the present instance. Based upon the above-quoted language of the will, the executor in that case argued that the testator had definitely provided for an equitable conversion and, also, had expressed a testamentary intent favorable to the executor’s contention in relation to his commissions. But the presence of this special provision in the will did not deter the court from adhering to the rule that the basis of computation of an executor’s commissions does not, even where the testator had directed a potential, *752 but uneffectuated, equitable conversion of Ms real property, include unsold real property.
In tMs connection the Court of Appeals stated that, “ Even though the clause in question constituted an equitable conversion, the executors have not ‘ received, distributed or delivered ’ the property either as real property or in a converted form. They performed no act in relation to it under the authority vested in them by the terms of the will, and the title to the real property never vested in them.” (P. 384, emphasis supplied.)
Following the above-quoted comment, the Court of Appeals considered the case of Matter of Barker (230 N. Y. 364) a case wherein commissions on the value of real property were allowed to an executor and an authority wMch, in our present case, is cited and urged upon tMs court by the present executor. In the report of the Salomon case (p. 385), the Barker case was distinguished because, in that case, the will “ vested the title of the property [meaning real property] in the executors and they received and controlled it.”
In the Barker case, the court, being, apparently, more concerned with questions other than the issue as to commissions on real property, was not very clear and explicit in its treatment of this issue. But the opinion in the Salomon case, in referring to the Barker case, made up for the court’s lack of clarity in the earlier case by bringing out clearly that the reason the Barker case is different is because, in that case, the terms of the will, ' ‘ vested the title of the property in the executors and they received and controlled it. ’ ’ The apparent reason for tMs point of distinguishment was that, in the Barker case, the will had provided, as stated by the court in the Salomon case (p. 384): “ I charge payment of any balance [legacies] upon my real estate and direct that no distinction be made between real and personal • property in the execution of this will, and the settlement and distribution of my estate.”
Other reported cases in line with Matter of Salomon (supra), to the effect that, as to an executor, the value of unsold real property cannot be subjected to commissions are: Matter of Stevens (92 N. Y. S. 2d 226); Matter of Frank (157 Misc. 746) ; Matter of McCarthy (145 Misc. 556); Matter of Woods (251 App. Div. 141) and Matter of Wanninger (120 App. Div. 273, affd. 190 N. Y. 527).
As executor, by his not having exercised his power of sale of the real property, the petitioner never assumed title of the real property here in question and the title thereto, in accordance with the provisions of the will, goes directly to the trustee of the trust comprising all of the net estate and, of course, as *753 provided by section 285-a of the Surrogate’s Court Act, the trustee will be entitled to receiving commissions upon all the corpus of the trust, including the value of the real property.
The petitioner in the present case brought up the same point that was discussed by Surrogate Sohtjlz, of Bronx County, in Matter of Keane (97 Misc. 213). This is that, in any case where an executor has a power of sale of real property (which, since the amendment of Decedent Estate Law [§ 13] in 1947, is now every executor except where there is a testamentary provision to the contrary), he ought not to be penalized for not having exercised such power which would have been for his own personal gain and not in the interest of the estate’s beneficiaries. While it is true that the petitioner’s having refrained from endeavoring to promote his own personal financial advantage is commendable, and, as to an executor’s right to commissions on real property, the potential evil he refers to is implicit in the present legal situation, yet, in view of the established authorities, neither of these considerations can have any bearing upon the determination we are concerned with herein. If there ‘ ' ought to be a law ’ ’ about this, the enactment of any provision for the curbing of possible avarice on the part of executors would lie with the Legislature and not with any court.
Another commentary in this connection would be that an executor’s exercise of a power of sale of real property under circumstances such that it was not in the best interest of the estate’s beneficiaries but solely for the purpose of augmenting his own commissions might be called in question on his accounting, possibly resulting in Ms forfeiture of commissions and surcharging him for any loss that, because of an improvident sale of real property, was sustained by the estate.
The special guardian, also, has filed an objection to the amount claimed by the executor for Ms legal services. This question will be determined upon the settlement of the decree herein.
Settle decree accordingly.