John D. Bennett, S.
In this accounting proceeding the questions raised by the special guardian are disposed of as follows:
The objection to the inclusion of stock of the Central South America Acceptance Corporation in Schedule A of the account has been conceded by the administrator. The account should accordingly be amended to reflect this change.
The claim of the special guardian that the estate is not chargeable with interest payable on the estate tax, which interest resulted from the late filing, is dismissed. On the papers presently before the court, it would appear that the late filing was prompted in part by the urging of the committee of the incompetent sole distributee. In such case the sole interested party is deemed to have acquiesced in the late filing of the tax return, and to have waived any lack of diligence on the part of the administrator in the performance of his duties.
The commissions claimed by the administrator will be reduced in accordance with the special guardian’s contention that no commissions are allowable on the value of the real property. The administrator here neither 11 received, distributed or delivered ”, nor sold the real property in question, nor can any management commissions be allowed since the property realized no income during administration (Surrogate’s Court Act, § 285).
The fee requested by the attorney committee of the incompetent distributee is denied. Any services he performed were for the sole benefit of the incompetent, and they did not as such benefit the general estate (Matter of Citrin, N. Y. L. J., March 22, 1954, p. 12, col. 8; affd. 285 App. Div. 1074). In such case the attorney committee should seek his fee in the incompetency proceeding.
The request in the citation that the claim of Vincent Braun be disallowed has been disposed of by the settlement of such claim by stipulation in open court, subject to the approval of the special guardian who has subsequently reported in favor of such settlement.