John D. Bennett, S.
In this accounting proceeding the special guardian has raised a question as to the executors’ claim for commissions on certain real property valued at $65,000 and also as to the payment of a full commission to each of the executors based upon the inclusion of this real property for the purpose of computing commissions.
Here the executors contend that they in effect “received” the real property, managed it but did not sell it pursuant to the express request of the beneficiaries. Under those circumstances they assert that they are entitled to commissions based upon the full value of the real property.
Subdivision 2 of section 285 of the Surrogate’s Court Act includes in the computation of commissions the value of real or personal property “received, distributed or delivered ”, excepting therefrom any property specifically bequeathed or devised.
The courts have generally held that where executors have turned over real property in kind to trustees and have not exercised their power of sale, the real property or the proceeds thereof was never “ received ” and that accordingly the executors are not entitled to commissions on the value of such real property (Matter of Salomon, 252 N. Y. 381, 384; Matter of Woods, 251 App. Div. 141; Matter of Wanninger, 120 App. Div. 273, affd. 190 N. Y. 527; Matter of McCarthy, 145 Misc. 556; Matter of Alcott, 36 Misc 2d 264).
Although the executors may have refrained from exercising their power of sale at the request of the beneficiaries, the court is of the opinion that no weight should be given to such argument (Matter of Tilden, 44 Hun 441; Matter of Ross, 33 Misc. 163). Although the executors performed numerous services in the management of the property, the commissions allowed on rents collected are the sole compensation provided for and must be accepted by them in full compensation (Matter of Edelmuth, 62 N. Y. S. 2d 703).
Since unsold real property may not be included in an estate to bring it over $100,000 for the purpose of multiple commissions (Matter of Moller, 52 N. Y. S. 2d 205), the executors will accordingly be allowed only one full commission to be apportioned between them. The attorney-executor has requested that if commissions on the real estate be disallowed he be given an opportunity to claim additional attorney’s fees. Leave is accordingly granted the attorney-executor to apply for the fixation of his fee by the filing of an affidavit of services with proof of service upon the special guardian.