Nathan R. Sobbl, S,
The account filed with the court is labeled “ Executor and Trustee” account. The objections raise three issues.
1. Is the executor entitled to commissions (SCPA 2307) on the unsold real property which comprised the major asset of the estate?
2. Is the trustee entitled to commissions (SCPA 2309), either annual or paying out, on the unsold real property?
3. Are “ double ” commissions (executor’s and trustee’s) payable for administration of the assets of this estate to the single fiduciary?
*908 Special circumstances, this executor trustee contends, require an affirmative answer to all three questions.
Testator died January 7, 1969. Saul Taub received letters as executor and trustee.
Paragraph second bequeathed to the ‘ ‘ trustee ’ ’ one third of the net estate for the benefit of testator’s wife (still living), remainder on her death to son Joel.
Paragraph third bequeathed the residuary ‘ ‘ to my executors and trustees ” to pay the income to a sister until son Joel reached the age of 35. This trust terminated on January 3, 1972 when Joel reached that age.
The major asset of the estate was income-producing real property. It was not possible to allocate the property, in view of the other limited assets, even to the larger of the two trusts. Until the property was sold, the trusts could not be set up. Instead the “executor-trustee” administered the total assets including the real property in solido and paid the annual income regularly to the trust beneficiaries.
The executor-trustee had of course statutory power to sell the real property (EPTL 11-1.1, subd. [b], par. [5], cl. [B]). This power exists whether or not such sale is necessary to pay debts and administration expenses (EPTL 13-1.3; Practice Commentary, McKinneys Cons. Laws of N. Y., Book 17B, SCPA 13-1.3). The will itself contained no express direction to sell. Instead it gave the executor trustee broad discretion whenever distribution was made to distribute in kind or in money.
The fiduciary did make efforts to sell the real property during the three years of administration of the estate.
In January of 1972 Joel, having reached the age of 35, became entitled to the remainder interest of the larger trust. He petitioned the court for a “ turnover ” of the real property to him for management. His mother, the income beneficiary of the smaller trust, joined in the petition. The acting Surrogate with appropriate safeguards granted the petition. This court later ordered the transfer of the real property in fee to Joel, after making appropriate arrangements for a trusteed mortgage for the mother of the corpus of her trust with substantial income to be paid to her for life.
Upon such order, nothing remained for the executor-trustee but to account.
As executor, he has requested in the account receiving and paying out commissions on the value of the unsold real property. He contends that of necessity in order to make distribution to Joel, he would have been required to sell the real property. *909 Since he was prevented from selling by an order of the court, he concludes that he is entitled to commissions on the unsold real property.
As trustee, he has requested in the same account ‘‘ annual commissions” (SCPA 2309, subd. 2) on the value of the principal (including the unsold real property) from date of death to date of distribution. He has also requested paying out commissions (SCPA 2309, subd. 1) on the value of the principal including the unsold real property distributed in kind.
Appropriate objections have been filed by Joel to the request for executor’s commissions on the unsold real property and to the payment of commissions of am/ nature to the fiduciary as trustee.
I
Ho commissions are allowed to executors on “unsold” real property. This rule is based on decisions construing rather strictly the present commission statute (SCPA 2307) and its predecessors (Surrogate’s Ct. Act, § 285; Code Civ. Pro., § 2753) governing all fiduciaries other than testamentary trustees. The rule recognizes few, if any, exceptions. It has been the subject of criticism (see, e.g., Matter of Gates, 4 Misc 2d 749). The Bennett Commission on Estates has recommended statutory repeal of the rule but seems never to have sought implementation by legislation (Fifth Report [1966: App. K], Ho. 7.15.4B, pp. 163-165; Sixth Report [1967], Supplement to Ho. 7.15.4B, pp. 118-119).
The history of the statute governing executor’s commissions has been adequately discussed elsewhere. (See Fifth'Report, pp. 136-137, 160-162, 167; Matter of Roth, 53 Misc 2d 1066; Matter of Keane, 97 Misc. 213; Matter of Newton, 148 Misc. 510, 514-519.) It suffices to note that, from the great revision of 1914 (L. 1914, ch. 443) and subsequent amendments (L. 1916, ch. 596; L. 1919, ch. 279; L. 1920, ch. 928), all recommended by the Board of Statutory Consolidation on the Simplification of the Civil Practice of Hew York or the Joint Legislative Committee on the Simplification of Civil Practice, the present statute emerged.
However, before any statute governed commissions, and as well under all such statutes prior to the 1914 revision, the decisions uniformly denied commissions to all fiduciaries on unsold real property. The reason as expressed in the decisions was that real property passes by operation of law to the distributees or by will to the devisees. Fiduciaries as such do not “receive” real property. Unless permitted or required to *910 sell the real property, and thus convert it into “money” no commissions were payable. (Matter of Ross, 33 Misc. 163 [1900]; Matter of McGlynn, 41 Misc. 156 [1903] and earlier cases cited; Matter of Wanninger, 120 App. Div. 273 [1907], affd. without opn. 190 N. Y. 527.)
The statute which emerged from the 1914 revisions and subsequent amendments as section 285 of the Surrogate’s Court Act, is the governing statute today, SCPA 2307.
It provides (SCPA 2307, subds. 1, 2) for commissions to fiduciaries (other than trustees) in fixed percentages “ for receiving and paying out all sums of money * * * The value of any [real or personal] property, to be determined in. such manner as directed by the court and the increment thereof, received, distributed or delivered, shall be considered as money in computing commissions.” [The bracketed matter “real or personal ” was included in Surrogate’s Ct. Act, § 285 but omitted from SCPA 2307 because the definition of “property” in SCPA 103, subd. 41, includes both real and personal property.]
Two decisions after the revision appear to have construed the statutory language literally, viz., “ real property — shall be considered as money ’ ’ and as indicating a legislative intent to change prior decisional law. (See Matter of Keane, 97 Misc. 213 [1916], supra and Matter of Barker, 230 N. Y. 364 [1921].) Both had “sympathetic” facts since the estates consisted largely of real property and the fiduciaries administered the property over so long a period that to deny them commissions would have been unjust. Later cases have sought to distinguish these decisions — Keane concerned trustee’s commissions and Barker concerned “compensation” of deceased fiduciaries. However, both decisions expressly stated that the rulings were premised on the new language of the commission statute.
These were isolated decisions. Following the revision, all courts continued to hold that fiduciaries do not “ receive ” real property and are therefore not entitled to commissions on unsold real property. (See, e.g., Matter of Runk, 181 App. Div. 461 [1918], affd. without opn. 224 N. Y. 570; Matter of Juilliard, 103 Misc. 178 [1918]; Matter of Rhodes, 109 Misc. 406 [1919]; Matter of Seiss, 119 Misc. 521 [1922]; Matter of Taylor, 121 Misc. 7 [1923], affd. 209 App. Div. 299, affd. 239 N. Y. 582.)
In 1930 the issue again reached the Court of Appeals. In Matter of Salomon (252 N. Y. 381) testator had directed: “ For the purpose of the payment of legacies, and for the distribution and settlement of my estate, my real estate shall be deemed to *911 be personal property.” The lower courts had held that the direction constituted an equitable conversion of the real into personal property and allowed commissions. The Court of Appeals, quoting the statute, which in Barker, supra, pp. 383-384) it had construed as changing the law, reversed, stating: ‘ ‘ The executors have not ‘ received, distributed or delivered ’ the real property in question. Title to it vested in the appellant by operation of law without any act on the part of the executors. * * * In the absence of the clause in question in the will, the granting of a power to sell which was never exercised would not entitle the executors to commissions on the value of the real property.” The court added that the doctrine of equitable conversion could be applied to all other aspects in construction of the will, but would not be applied to permit an executor to receive commissions on unsold real property.
Later cases consistently held that, even when there is a power of sale coupled with a direction to sell, no commissions will be paid to executors unless there is in fact a sale. (Matter of McCarthy, 145 Misc. 556 [1932]; Matter of Bartels, 147 Misc. 619 [1933]; Matter of Woods, 251 App. Div. 141 [1937]; Matter of Gates, 4 Misc 2d 749, supra [1957]; Matter of Manning, 159 N. Y. S. 2d 29 [1957]; Matter of Harriott, 32 Misc 2d 437 [1961]; Matter of Alcott, 36 Misc 2d 264 [1962].)
It has been held that even when the will in express terms devises the real property ‘ ‘ to my executor ” he is not deemed to have “received” the property for commission purposes (Matter of Rich, 27 Misc 2d 364, 370-371; cf. Matter of Morin, 136 Misc. 823). This ruling is correct, for in most cases a disposition to the executor represents little more than the draftsman’s mannerism which the court here determines it is in Mr. Saphir’s will.
There have been a few decisions which appear to find exceptions to the general rule, some of which are cited by this executor. In some there appears to have been a compromise agreement for distribution in kind and no objection to the commissions. (Matter of Fleming, 51 Misc. 662; Matter of Ham, 123 Misc. 889; Matter of Kennedy, 133 Misc. 904.) Matter of Greenwald (179 Misc. 694) involved only the question of commissions as a deduction against estate taxes and is so explained by the court in Matter of Speranza (140 N. Y. S. 2d 551) holding to the contrary on the issue.
In two recent cases, the Surrogates held that a “ sale ” takes place where one of the residuary legatees in effect purchases *912 the real property with the proceeds of his distributive share. In one of the cases (Matter of Condax, 11 Misc 2d 819) this was done in compromise of a partition action. In the other case (Matter of Robords, 69 Misc 2d 1026) the will expressly granted permission “to sell ” to either one of the residuary legatees desiring to live in the cottage. While both cases in practical effect resulted in a distribution 1 ‘ in kind ’ there is a discernible difference.
We consider the contention of the accounting executor trustee that he was prevented from selling by the order of the court directing him to turn over the real property to the son Joel as remainderman of the terminated larger trust. No cases discuss such a problem.
In Matter of Paddison (53 Misc 2d 2) Surrogate Bennett discussed a related problem. In that case the executor refrained from selling at the express request of the beneficiaries. Citing cases, that court held that the executor was not entitled to commissions on the unsold real property. This court is in accord. Here too the beneficiaries requested the fiduciary not to sell but to turn over the property to one for the benefit of all beneficiaries. That the fiduciary refused and a court order compelled him to do so does not compel a different conclusion than that reached in Paddison.
As Judge Di Falco noted in Matter of Roth (53 Misc 2d 1066, 1070, supra), the revisers in 1914 recommended a provision that the value of any real property ‘ ‘ distributed without sale, at the election of a devisee, legatee or distributee, or pursuant to a consent filed, shall be considered as money in making computation of commissions.” Such a provision would of course have resolved this problem and many others which have troubled our courts. It did not pass. Perhaps it should be enacted.
The general rule must be here applied. The executor is not entitled to commissions on the unsold real property. To that extent, the objection to the account is allowed.
The general rule may in some cases be unjust. The real property may be the main asset of the estate and require the major efforts of the fiduciary.
The statutory power given all fiduciaries “to take possession ” and “ manage ” real property (EPTL 11-1.1, sqbd. [b], par. [5], cl. [A]) is however discretionary, not mandatory. He may refuse to do so leaving that responsibility to the devisees or the residuary beneficiaries.
If he does take possession, in the absence of any restriction against sale in the will, the statute now empowers all fiduciaries *913 to sell the real property — with or without necessity for a sale and with or without permission from the court. (EPTL 11-1.1, subd. [b], par. [5], cl. [B]; Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 17 B, EPTL 11-1.1.) When a fiduciary sells he is entitled to commissions on the net proceeds of the sale (Matter of Hildreth, 274 App. Div. 611, 615, rearg. den. 275 App. Div. 718, affd. 301 N. Y. 705), not because he has “ received ” the real property but because he has received the “money” represented by the proceeds of the sale. This consideration results in most fiduciaries taking possession of real property. It results also in a temptation to sell, even when a sale is unnecessary to pay debts, administration expenses and other dispositions (EPTL 13-1.1; Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 13-1.1). Where a sale is undesirable or unnecessary it is incumbent on the beneficiaries to prevent the sale by petition to the court.
Where the real property produces rental income in substantial amounts, the statute gives added incentive to a fiduciary to take possession and manage (SCPA 2307, subd. 6, formerly Surrogate’s Ct. Act, § 285, subd. 9, applicable to fiduciaries other than trustees).
Where a fiduciary (cf. provisions for trustees in SCPA 2307, subd. 7 and 2308, subd. 7) is for any reason entitled to or required to collect the rents of and manage real property, he is compensated in two ways— (1) he is entitled to additional commissions on the gross rents collected from real property computed in the same manner as income from personal property under subdivision 1 (Matter of Schinasi, 277 N. Y. 252; Matter of Schmitt, 65 Misc 2d 1021) and (2) he is entitled to management fees of 5% of gross rents collected, provided he does actively manage the property and collect the rents and is not a mere mail chute or conduit. (Matter of Marshall, 11 N Y 2d 955; Matter of Burrows, 3 N Y 2d 869; Matter of Smathers, 309 N. Y. 487; Matter of Schinasi, supra.)
Here the fiduciary does not claim management fees, since he employed an agent. However he has included in his account the additional commissions on rent collected and has correctly computed such additional commissions. It is proper to “ add on” gross rents to principal and other income so that such additional commissions are payable in the lowest percentage bracket. The objectant is correct in stating that this “ add on ” method penalizes the remainderman and benefits the income beneficiary in some cases but not this one.
*914 n
Apart from the question of whether “dual” or “ double ” commissions are payable at all in this estate (discussed in Part III), the question arises whether a trustee is entitled to commissions on unsold real property.
The history of the statutes governing trustees’ commissions is adequately discussed in the Bennett Commission on Estates Second [1963] Report (Appendix J, No. 7.1B, pp. 387-398). From such history it may be briefly noted that trustees’ commissions by virtue of statutory changes were computed on four separate bases — (1) from 1866 to 1943 for receiving and paying out sums of money; (2) from 1943 to 1948 on the basis of income only plus such additional discretionary allowance as the court might award; (3) from 1948 to 1956 for receiving and paying out sums of money constituting principal and also annual commissions geared to the size of the corpus (SCPA 2308, formerly Surrogate’s Ct. Act, § 285-a); (4) from 1956 to the present, annual commissions geared to the size of the corpus plus 1% paying out commissions (SCPA 2309 formerly Surrogate’s Ct. Act, § 285-b).
The accounting “executor-trustee” in this estate would, if entitled to commissions at all, be compensated under SCPA 2309. It is therefore irrelevant whether trustees under earlier statutes are entitled to receiving commissions for receiving real property. The cases, few in number, hold that trustees under . wills of persons dying before August 31, 1956 (SCPA 2308 and predecessor statutes) are entitled to commissions for “ receiving ” real property where the will devises the property to the trustee (most draftsmen so provide) and management duties or power of sale are imposed upon such trustee.
The Second Department so held in Matter of Ellensohn (258 App. Div. 891 [1939]) —“ The real property was devised to the trustees and they were authorized to sell. The property has, therefore, been received within the meaning of section 285 of the Surrogate’s Court Act, and the trustees are entitled to half commissions for receiving. (Matter of Bearns, 188 App. Div. 215.) ” (See, also, Matter of Triller, 208 Misc. 418; Matter of Boettger, 184 Misc. 103; Matter of Potter, 106 Misc. 113.) The cases thus distinguish between real property devised “to my executor ” and such property devised “ to my trustee ”.
However the cases deny to the trustee “ paying out ” commissions on unsold real property. The principle involved is stated by Surrogate Wingate in Matter of Cruikshank (169 Misc. 514, 515); “A part of the principal assets of the trust *915 consisted of real estate. Upon the termination of the trust the title to this real estate vested automatically in the remainder-men without the necessity of any act or intervention on the part of the trustee (Matter of Miller, 257 N. Y. 349, 356; Watkins v. Reynolds, 123 id. 211, 217; Townshend v. Frommer, 125 id. 446, 461; Phoenix v. Livingston, 101 id. 451, 457; Chisholm v. Hamersly, 114 App. Div. 565, 569). Indeed, by reason of such transmission by operation of law, no effective act of transfer on its [the Trustee’s] part was capable of performance, since so far as this real estate was concerned it held nothing.”
The principle is that unsold real property vests in the remaindermen by operation of law and the trustee is not deemed to have distributed it. (See, also, Matter of Chalmers, 62 Misc 2d 537; Matter of Triller, 208 Misc. 418, supra; Matter of Keane, 97 Misc. 213, supra; Matter of Jones, 136 Misc. 122; Matter of McGurk, 175 N. Y. S. 597.)
The accounting trustee in this case has not taken receiving commissions, since the current statute bars these in this post-1956 trust. He has however taken “ paying out ” commissions on the unsold real property. With respect to such commissions the objection of the remainderman is allowed.
Whether he is entitled to annual commissions (SOPA 2309) depends on whether dual commissions are payable in .this "estate.
HI
Under many circumstances a fiduciary who has acted as both executor and trustee is entitled to full commissions in both capacities. It is commonplace for the executor to complete his duties and account and by decree entered transfer the assets to himself as trustee and proceed to administer the trust. In such a case he is clearly entitled to commissions in both capacities.
However, a decree is not essential. If the testator intends separate administration by the executor and the trustee at different stages of the administration, and the will so plainly provides, double commissions will generally be allowed. (Matter of Johnson, 170 N. Y. 139; Olcott v. Baldwin, 190 N. Y. 99; Matter of Schliemann, 259 N. Y. 497 [decree]; Matter of Knoop, 283 N. Y. 267; Matter of Daniels, 32 A D 2d 986 [decree]; Matter of Willson, 21 A D 2d 937.)
Where the will does not intend any separation of duties and the directions blend the two duties and commingle them without a severance, double commissions will not be allowed. (Johnson v. Lawrence, 95 N. Y. 154; Matter of McAlpine v. Potter, 126 N. Y. 285; Matter of Slocum, 169 N. Y. 153; Matter of *916 Ziegler, 218 N. Y. 544; Matter of Piel, 259 App. Div. 1047, affd. 284 N. Y. 669.)
The directions in this will, much as in the will in Matter of Ziegler {supra), contemplate no separation of functions in time or purpose. Testator set up a gross and undivided fund consisting mainly of one parcel of real estate to be held in trust for two separate individuals, the income to be paid to them during administration, and for the division of the principal at two specified times in the future. This is commingling rather than separation of duties (see Matter of Abrahams, 136 Misc. 538).
The objection to the taking of annual commissions is allowed.
In all other respects the account is satisfactory and will be settled upon submission of an affidavit amending the account as above directed.