Pierson R. Hildreth, J.
In this accounting the executor, who is an attorney whose firm has rendered legal services, requests compensation for such services, and approval of commissions.
By her will, decedent made two monetary legacies of $5,000 each, .then gave her entire residuary estate to a single named charity, appointed her attorney as executor, and gave him a discretionary power of sale. The gross estate shown in the account is $47,942.64 which includes an amount of $24,500 as the value of a parcel of real property. This real property was not sold by the executor under the power of sale, but was retained by the sole residuary beneficiary in kind. The executor requests and has computed commissions including the value of such real property.
From the evidence presented, it appears that the executor was appointed May 24, 1971 and thereafter secured appraisals of the real property and received an offer of $24,000. As would seem quite prudent and proper he notified the residuary beneficiary of this offer stating that this was the only offer he had received and that he desired their consent to such sale. This was in October, 1971. There is no indication that the charity had previously authorized a sale. There followed an exchange of correspondence by which the charity clearly indicated that it might wish to retain the property for its own use and not have it sold, in which event the executor would be requested to deed it to them.
After inspections and deliberations of its board of directors, the charity notified the executor in January, 1972 that it had definitely decided to use the property itself rather than selling it, and requested a deed. The executor then executed a deed to the sole residuary beneficiary. The effect and purpose of this deed in the opinion of the court was obviously to confirm title in the beneficiary to the real property which passed to it under the residuary clause of the will, and to extinguish the power of sale so that its title would no longer be subject to the power.
Under the circumstances of this situation, the court is of the opinion that the value of such unsold real property may *554 not be included in computing commissions to which the executor is entitled under subdivisions 1 and 2 of SOPA 2307. As a general rule an executor is not entitled to commissions on the value of real property turned over to the beneficiary in kind when the power of sale has not been exercised and there has been no equitable conversion. Such real property is not considered as property passing through the executor as money in computing commissions. (Matter of Salomon, 252 N. Y. 381; Matter of Paddison, 53 Misc 2d 2 [1967] and cases cited; Matter of McCarthy, 145 Misc. 556; Matter of Alcott, 36 Misc 2d 264; Matter of Seiss, 119 Misc. 521; Matter of Saphir, 73 Misc 2d 907.)
Under decedent’s will, title to decedent’s real property passed under the residuary clause directly to the sole residuary beneficiary without any act on the part of the executor (Matter of Salomon, 252 N. Y. 381, supra). The beneficiary thereby had title subject only to the power of sale in the executor if there should be a need to exercise the power for any estate need. Here there was no need as personal assets were ample to pay all debts, and expenses. Nor was there any need to sell for distribution to avoid partition because there was. but a single residuary beneficiary.
The decision of the beneficiary to take the real property in kind extinguished the power of sale. (Matter of Schmitt, 179 Misc. 83, 84 and cases cited, where Surrogate Foley stated, “ The law is well settled that persons absolutely entitled to the proceeds of the sale of land may extinguish the power of sale over such land by electing to take the property in its unconverted form.”)
Compensation for legal services to the firm of which the executor is a member is requested in the amount of $3,363 which is allowed. The court has considered the factors applicable (Matter of Potts, 213 App. Div. 59, affd. 241 N. Y. 593) and finds the request reasonable. No objection is raised by the residuary beneficiary, and the Attorney-General gives no indication of any other specific amount of compensation deemed reasonable.
The executor is directed to submit revised schedule computing commissions and submit decree settling account accordingly.