John D. Bennett, S.
In this accounting proceeding the court rendered a decision dated June 7, 1977 authorizing the resignation of Bradford Trust Company as trustee and for the appointment of Long Island Trust as successor trustee. A decree has been submitted, but in conducting an audit, the accounting clerk raised an issue concerning the computation of commissions as set forth in the accounting schedules. The accounting clerk asked the court to render a decision dealing with annual commissions taken by a trustee on the value of real estate held in the trust because of a possible confusion on the law of this matter.
Since the decedent died before August 31, 1956 SCPA 2308 applies. The fiduciary managed real property as part of an asset of the trust and properly took commissions as authorized by SCPA 2308 (subd 7). The trustee does not seek any receiving or paying-out commissions, but has taken annual principal commissions as provided under SCPA 2308 (subd 3). The issue is whether the trustee is authorized to take such commissions as relates to real property.
The law is clear that ordinarily an executor is not entitled to commissions on unsold real property since he does not "receive” it (Matter of Saphir, 73 Misc 2d 907 [and the authorities cited therein]; see SCPA 2307, subd 2), and that trustees ordinarily are not entitled to any paying-out commissions on unsold realty (Matter of Saphir, supra; Matter of Tucker, 75 Misc 2d 318; Matter of Ellensohn, 258 App Div 891; Matter of Cruikshank, 169 Misc 514) since the real property passes by operation of law to those taking the remaining interest. However, trustees are entitled to receiving commissions (Matter of Tucker, supra; Matter of Triller, 208 Misc 418) unless the court were to find that there was no segregation of the duties of an executor and trustee and therefore would not allow dual commissions or any trustee’s commissions since the executor either because of the terms of the will, circumstances, or the manner in which he administered the estate failed to segregate his duties as an executor from that of his duties as trustee (Matter of Saphir, supra).
In section 840 of the New York Estates Practice Guide, Horner Harris provides that fiduciaries are not entitled to commissions on real estate. However, this deals principally with executors and not trustees. In the within estate there were definite duties performed by the trustee dealing with *509 real property and the court finds that the trustee is entitled to annual commissions as it relates to such property (Matter of Saphir, supra; Matter of Tucker, supra). The trustee "received” property (SCPA 2308, subd 1), which includes real property (SCPA 2308, subd 10; SCPA 103, subd 41) and must be paid its statutory commissions.